IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------X
:
RICHARD TRUSZ                                  :      3:09 CV 268 (DJS)
:
:
V.                                             :
:
UBS REALTY INVESTORS LLC, AND                  :      DATE: JANUARY 13, 2011
UBS, AG                                        :
:
------------------------------------------------------X

RULING ON DEFENDANTS' MOTION FOR RECONSIDERATION

On February 13, 2009, plaintiff Richard Trusz first commenced this action against defendants UBS Realty Investors LLC ["UBS Realty"] and UBS AG, arising out of defendants' alleged concealment of overvaluing real estate investments of its clients, which was uncovered by plaintiff, leading to his termination by defendants. (Dkt. #1; see also Dkts. ##4, 22). In his Third Amended Complaint, filed May 22, 2009 (Dkt. #33), plaintiff alleges the following six counts: violation of the Sarbanes Oxley Act of 2002, 18 U.S.C. § 1514A (Count One); violation of CONN. GEN. STAT. §§ 31-51m, 33-1336, and 31-51q (Counts Two-Four); wrongful discharge in violation of public policy (Count Five); and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12203 (Count Six). On March 30, 2010, U.S. District Judge Janet Bond Arterton filed her Ruling on Motion to Dismiss, under which she dismissed Count Five of the Second Amended Complaint. Trusz v. USB Realty Investors, LLC, 09 CV 268 (JBA), 2010 WL 1287148, at *10-11 (D. Conn. March 30, 2010). Defendants filed their Answer and Affirmative Defenses to the Third Amended Complaint on June 15, 2010. (Dkt. #108).

Familiarity is presumed with this Magistrate Judge's Ruling on Plaintiff's First Motion to Compel, filed December 1, 2009 (Dkts. ##61-62)["December 2009 Ruling"], Ruling on

Defendants' Motion to Quash, filed December 10, 2009 (Dkt. #65), Ruling Following Partial In Camera Review, filed December 21, 2009 (Dkt. #72), Ruling on Plaintiff's Motion for Extension of Time, filed January 4, 2010 (Dkt. #77), Ruling Regarding Potential In Camera Review of European Personnel Records, filed January 22, 2010 (Dkt. #85), and Ruling on Plaintiff's Second Motion to Compel, filed September 7, 2010 (Dkt. #124)["September 2010 Ruling"].  (See also Dkts. ##79, 122, 131).

U.S. District Judge Janet Bond Arterton referred this file to this Magistrate Judge for discovery purposes on November 3 and December 4, 2009 and again on June 8, 2010. (Dkts. ##55, 63, 106).  The file was transferred to Senior U.S. District Judge Dominic J. Squatrito on September 17, 2010.  (Dkt. #126).  Under the latest scheduling order, all discovery will be completed by May 31, 2011 and all dispositive motions are to be filed by June 30, 2011.  (Dkt. #160).

The September 2010 Ruling, which was nineteen pages long, addressed several issues raised by plaintiff, including: (1) defendants' alleged "massive document dump" by producing 1.8 million documents allegedly responsive to plaintiff's Requests for Production Nos. 67 and 118 (regarding outsourcing and valuation)(Dkt.#104, Brief at 1-18; September 2010 Ruling at 5-10); (2) plaintiff's renewal of his prior Motion to Compel with respect to multiple discovery requests that were denied without prejudice in the December 2009 Ruling and defendants' alleged failure to fully comply with respect to four items (Regional Mall Valuations, Consent Agreements and T2 Conversion, Damages, and Outsourcing and PwC), and other requests (Dkt. #104, Brief at 19 & n.5, 28-33; September 2010 Ruling at 11-15); and (3) defendants' alleged violation of the "good faith" requirements of paragraph 2 of the Protective Order by designating all documents as "CONFIDENTIAL."  (Dkt. #104, Brief at 33-

2

37; September 2010 Ruling at 15-17).

On September 21, 2010, defendants filed their "Limited Objections to the Magistrate Judge's September 7, 2010 Ruling on Plaintiff's Second Motion to Compel" (Dkt. #128),[1] which appears on the electronic docket sheet of CM/ECF as a pending Motion for Reconsideration, directed to a one-paragraph discussion in the ruling. On October 12, 2010, plaintiff filed his brief in opposition. (Dkt. #129).[2] Two weeks later, on October 26, 2010, defendants filed their reply brief (Dkt. #132),[3] as to which plaintiff filed his sur-reply brief on November 5, 2010. (Dkt. #137; see also Dkts. ##135-36).[4]

In that the file recently has been transferred to Judge Squatrito, and in order to spare him and his staff from immersing themselves into the petty minutiae of protracted discovery in this lawsuit for as long as possible, the Magistrate Judge will rule upon this filing as a Motion for Reconsideration.

I.  DISCUSSION

The twenty-seven page December 2009 Ruling addressed twelve interrogatories and

---

[1] Attached was a copy of defendants' brief in opposition to plaintiff's First Motion to Compel, with subexhibits 1-2 (Exh. A, see also Dkt. #48), and copies of case law (Exh. B).

[2] Five exhibits were attached: copy of excerpts from plaintiff's First Set of Interrogatories and Requests for Production, dated May 22, 2009 (Exh. A); copy of excerpts from Defendants' Answers and Objections to Plaintiff's First Set of Interrogatories and Requests for Production, dated June 26, 2009 (Exh. B); copy of correspondence between counsel, dated May 5, 2010 (Exh. C); copy of affidavit of plaintiff's counsel in support of plaintiff's Second Motion to Compel, sworn to June 3, 2010 (Exh. D); and copy of Defendants' Answers and General Objections to Plaintiff's First Set of Interrogatories and Requests for Production, dated January 29, 2009, in Trusz v. UBS Realty Investors LLC et al., pending in the Complex Litigation Docket of the Hartford Superior Court (Exh. E).

[3] Three exhibits were attached: copy of e-mail and letter correspondence between counsel, dated June 3, 2010 (Exhs. A-B); and copy of correspondence between counsel, dated January 15, 2010 (Exh. C).

[4] Attached is a copy of statement issued by Lex Mundi, regarding In-House Counsel and the Attorney-Client Privilege.

3

ninety-three requests for production, falling into eighteen categories. (At 4-26). The December 2009 Ruling, <u>inter alia</u>, denied plaintiff's First Motion to Compel without prejudice to renew, in light of defendants' promised production of four million pages of additional documents, with respect to Requests for Production Nos. 24-33, 35-36, 134-38, 67, 86, 92, 39, 116, 118, 132, 133, 139, and 55-57. (At 18, 20-23, 26).

In his Second Motion to Compel, plaintiff focused primarily on Requests for Production Nos. 67 and 118, and several other items. (Dkt. #104, Brief, at 1-18, 28-33; September 2010 Ruling at 3-15). Defendant is correct that only in a brief discussion and footnote, plaintiff renewed his request with respect to the discovery requests just listed above. (Dkt. #104, Brief, at 19 & n.5, 32-33). The September 2010 Ruling observed that defendants failed to address this issue in their thirty-page brief in opposition, which omission was mentioned in plaintiff's reply brief. (Dkt. #114, at 10; September 2010 Ruling at 15). As a result, the September 2010 Ruling granted plaintiff's Second Motion to Compel with respect to these items, to the extent that defendants had not already complied. (September 2010 Ruling at 15).

Defendants argue that "[g]iven [p]laintiff's failure to develop his argument, it is hardly surprising that [d]efendants overlooked it[,]" that this portion of the September 2010 Ruling is inconsistent with other portions of the ruling that required counsel to continue to meet and confer over their discovery requests, that the parties should be required to further meet and confer about these items, that defendants will be prejudiced by the ruling, particularly in light of the European privacy issues that remain in this lawsuit, and that defendants have responded to Nos. 134-38 by producing "hundreds of thousands of documents." (Dkt. #128, at 3-8).

4

Plaintiff disputes that this argument was made merely in passing in his motion, in that he devoted an entire section to it, he had previous correspondence with defense counsel about it, and he mentioned it in his reply brief, and that these requests seek relevant information with which defendant UBS has not complied. (Dkt. #129, at 5-9 & Exhs. C-D). Plaintiff also disagrees that the discovery is barred, or limited, by European privacy laws. (Id. at 9-14). Lastly, plaintiff contends that any further meet and confer would delay defendants' compliance. (Id. at 14-16).

In their reply brief, defendants assert that counsel did not properly meet and confer on these issues, that plaintiff "glosses over the overbreadth" of these discovery requests, that defendants already have produced thousands of pages of documents responsive to the "dozens" of other requests that "overlap" with these ones, and that plaintiff should bear the expense of any additional document searches, (Dkt. #132, at 1-12).

In his sur-reply brief, plaintiff argues that he did confer in good faith regarding these requests, that he is willing to narrow some requests for electronic information, that there is no overlap with other discovery requests, that there is no privilege issue for in-house counsel in Switzerland, and that the costs should not be shifted. (Dkt. #137, at 1-5).

The one inch of filings here could have been avoided if defendants simply had filed a short Motion for Reconsideration on the grounds that they overlooked the one section of plaintiff's Second Motion to Compel at issue here; the defense attorneys are, after all, only human, and the discovery demands here by plaintiff have been overwhelming. It is not a poor reflection on them that they simply missed that portion of plaintiff's brief. Because the discovery deadline has been extended until May 31, 2011, it makes the most sense, at this juncture, to unring the bell and permit counsel to meet and confer on these discovery disputes, **as promptly as possible**, consistent with other portions of the September 2010

Ruling.

## II.  CONCLUSION

Accordingly, defendants' Motion for Reconsideration (Dkt. #128) is <u>granted</u>, so that Section I.C of the September 2010 Ruling is vacated, and counsel are hereby ordered to meet and confer on these discovery disputes, **as promptly as possible,** consistent with other portions of the September 2010 Ruling (<u>see, e.g. id.</u> at 10).

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** <u>Caidor v. Onondaga County</u>, 517 F.3d 601, 603-05 (2d Cir. 2008)**(failure to file timely objection to Magistrate Judge's discovery ruling <u>will</u> preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 13th day of January, 2011.

       /s/ Joan G. Margolis, USMJ  
       Joan Glazer Margolis  
       United States Magistrate Judge