IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------X
:
RICHARD TRUSZ : 3:09 CV 268 (DJS)
:
:
V. :
:
UBS REALTY INVESTORS LLC, AND : DATE: JANUARY 13, 2011
UBS, AG :
:
------------------------------------------------------X

RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

On February 13, 2009, plaintiff Richard Trusz first commenced this action against defendants UBS Realty Investors LLC ["UBS Realty"] and UBS AG, arising out of defendants' alleged concealment of overvaluing real estate investments of its clients, which was uncovered by plaintiff, leading to his termination by defendants. (Dkt. #1; see also Dkts. ##4, 22). In his Third Amended Complaint, filed May 22, 2009 (Dkt. #33), plaintiff alleges the following six counts: violation of the Sarbanes Oxley Act of 2002, 18 U.S.C. § 1514A (Count One); violation of CONN. GEN. STAT. §§ 31-51m, 33-1336, and 31-51q (Counts Two-Four); wrongful discharge in violation of public policy (Count Five); and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12203 (Count Six). On March 30, 2010, U.S. District Judge Janet Bond Arterton filed her Ruling on Motion to Dismiss, under which she dismissed Count Five of the Second Amended Complaint. Trusz v. USB Realty Investors, LLC, 09 CV 268 (JBA), 2010 WL 1287148, at *10-11 (D. Conn. March 30, 2010). Defendants filed their Answer and Affirmative Defenses to the Third Amended Complaint on June 15, 2010. (Dkt. #108).

Familiarity is presumed with this Magistrate Judge's Ruling on Plaintiff's First Motion to Compel, filed December 1, 2009 (Dkts. ##61-62), Ruling on Defendants' Motion to Quash,

filed December 10, 2009 (Dkt. #65), Ruling Following Partial <u>In Camera</u> Review, filed December 21, 2009 (Dkt. #72), Ruling on Plaintiff's Motion for Extension of Time, filed January 4, 2010 (Dkt. #77), Ruling Regarding Potential <u>In Camera</u> Review of European Personnel Records, filed January 22, 2010 (Dkt. #85), and Ruling on Plaintiff's Second Motion to Compel, filed September 7, 2010 (Dkt. #124)["September 2010 Ruling"]. (<u>See also</u> Dkts. ##79, 122, 131).

U.S. District Judge Janet Bond Arterton referred this file to this Magistrate Judge for discovery purposes on November 3 and December 4, 2009 and again on June 8, 2010. (Dkts. ##55, 63, 106). The file was transferred to Senior U.S. District Judge Dominic J. Squatrito on September 17, 2010. (Dkt. #126). Under the latest scheduling order, all discovery will be completed by May 31, 2011 and all dispositive motions are to be filed by June 30, 2011. (Dkt. #160).

The September 2010 Ruling, which was nineteen pages long, addressed several issues raised by plaintiff, including: (1) defendants' alleged "massive document dump" by producing 1.8 million documents allegedly responsive to plaintiff's Requests for Production Nos. 67 and 118 (regarding outsourcing and valuation)(Dkt.#104, Brief at 1-18; September 2010 Ruling at 5-10); (2) plaintiff's renewal of his prior Motion to Compel with respect to multiple discovery requests that were denied without prejudice in the December 2009 Ruling and defendants' alleged failure to fully comply with respect to four items (Regional Mall Valuations, Consent Agreements and T2 Conversion, Damages, and Outsourcing and PwC), and other requests (Dkt. #104, Brief at 19 & n.5, 28-33; September 2010 Ruling at 11-15); (3) defendants' alleged violation of the "good faith" requirements of paragraph 2 of the Protective Order by designating all documents as "CONFIDENTIAL" (Dkt. #104, Brief at 33-

37; September 2010 Ruling at 15-17); and (4) plaintiff's request for sanctions (Dkt. #104, at 20-28; September 2010 Ruling at 17-18).

On September 21, 2010, plaintiff filed his Motion for Reconsideration of Portions of Ruling on Plaintiff's Motion to Compel (Dkt. #127), which has not been opposed by defendants. In four instances in the September 2010 Ruling, the Magistrate Judge indicated her intention to appoint a Special Master, if counsel were unable to resolve their differences. (At 10, 12, 15, 17). The longest discussion occurred with respect to further narrowing the search terms for production of electronically stored information ["ESI"]. (At 10, citing Perfect Barrier LLC v. Woodsmart Solutions Inc, No. 3:07-CV-103 (JVB), 2008 WL 2230192, at *1-2 (N.D. Ind. May 27,2008)(where plaintiff requested copies of all e-mails, and defendant produced 75,000 pages of e-mail in electronic disc form, all of which were designated as confidential "attorney's eyes only," Magistrate Judge indicated his intention to appoint Special Master to examine these documents if counsel were unable to reach their own agreement)). The September 2010 Ruling continued that the appointment of a Special Master "is particularly appropriate here, given that counsel already have imposed upon this Magistrate Judge to make decisions over petty issues such as a three-day extension of time . . . and over two additional days of depositions." (At 10)(internal citations omitted). Despite the pointed language of the September 2010 Ruling directed at the behavior of counsel, just recently, counsel filed briefs regarding the extension of a deposition for an additional thirty minutes, which was ruled upon today. (Dkts. ##150, 158, 166).

In his motion, plaintiff represented that counsel were continuing to try to narrow the discovery issues between them, and requested an opportunity to be heard, pursuant to FED. R. CIV. P. 53(b), before the remaining discovery matters are referred to a Special Master.

3

Given plaintiff's representations, the Motion for Reconsideration (Dkt. #127) is <u>granted in part</u>, so that a referral to a Special Master will not be automatic and counsel will be given an opportunity to be heard.  The Magistrate Judge strongly hopes that counsel will continue their cooperative efforts, and that the issue regarding the Menard deposition was only a blip on an otherwise uneventful radar screen.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** <u>Caidor v. Onondaga County</u>, 517 F.3d 601, 603-05 (2d Cir. 2008)**(failure to file timely objection to Magistrate Judge's discovery ruling <u>will</u> preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 13th day of January, 2011.

    /s/ Joan G. Margolis, USMJ  
Joan Glazer Margolis  
United States Magistrate Judge