```
                        IN THE UNITED STATES DISTRICT COURT
                          FOR THE DISTRICT OF CONNECTICUT
```

---------------------------------------------------------X
                                              :
RICHARD TRUSZ                                 :          3:09 CV 268 (DJS)
                                              :
                                              :
V.                                            :
                                              :
UBS REALTY INVESTORS LLC, AND                 :          DATE: FEBRUARY 14, 2011
UBS, AG                                       :
                                              :
---------------------------------------------------------X

## RULING ON DEFENDANTS' MOTION FOR RULE 35 EXAMINATION

The factual and procedural history behind this employment action is set forth in considerable detail in this Magistrate Judge's Ruling on Plaintiff's First Motion to Compel, filed December 1, 2009 (Dkts. ##61-62)["December 1, 2009 Ruling"], Ruling on Defendants' Motion to Quash, filed December 10, 2009 (Dkt. #65), Ruling Following Partial In Camera Review, filed December 21, 2009 (Dkt. #72)["December 21, 2009 Ruling"], Ruling on Plaintiff's Motion for Extension of Time, filed January 4, 2010 (Dkt. #77), Ruling Regarding Potential In Camera Review of European Personnel Records, filed January 22, 2010 (Dkt. #85)["January 2010 Ruling"], Ruling on Plaintiff's Second Motion to Compel, filed September 7, 2010 (Dkt. #124)["September 2010 Ruling"], 2010 WL 3583064, Ruling on Plaintiff's Motion for Telephonic Discovery Conference, filed January 13, 2011 (Dkt. #166), Ruling on Defendants' Motion for Reconsideration, filed January 13, 2011 (Dkt. #167), 2011 WL 124504, and Ruling on Plaintiff's Motion for Reconsideration, filed January 13, 2011 (Dkt. #168), 2011 WL 121651, and Ruling Regarding Plaintiff's Desire to Depose Several Employees Who Reside and Are Employed in Europe, filed February 8, 2011 (Dkt. #179), familiarity with which is presumed. (See also Dkts. ##79, 122, 131).

U.S. District Judge Janet Bond Arterton referred this file to this Magistrate Judge for

discovery purposes on November 3 and December 4, 2009, and again on June 8, 2010. (Dkts. ##55, 63, 106). The file was transferred to Senior U.S. District Judge Dominic J. Squatrito on September 17, 2010. (Dkt. #126). Under the latest scheduling order, all discovery will be completed by May 31, 2011 and all dispositive motions are to be filed by June 30, 2011. (Dkt. #160).

On January 7, 2011, defendants filed the pending Motion for Independent Mental Examination and brief in support (Dkts. ##163-64),[1] in response to which plaintiff filed his brief in opposition on January 28, 2011. (Dkt. #175).[2] On February 7, 2011, defendants filed their reply brief. (Dkt. #178).[3]

For the reasons stated below, defendants' Motion for Independent Mental Examination (Dkt. #163) is **granted**.

## I. DISCUSSION

As set forth in the parties' three briefs, plaintiff does not challenge defendants' right to an independent mental examination ["IME"] under FED. R. CIV. P. 35, but rather insists: (1) that defendants must first identify the exact tests that will be administered during the IME, and (2) that the IME must be limited, at least preliminarily, to four hours in length. As indicated by defendants, plaintiff has been treated by two psychiatrists and a psychotherapist, for stress and depression allegedly caused by defendants' actions toward

---

[1] The following exhibits are attached: copy of Curriculum Vitae of Lisa Drago Piechowski, Ph.D, ABPP (Exh. A); copy of correspondence between counsel, dated January 3, 2011 (Exh. B); and copies of e-mails between counsel, dated January 3-5, 2011 (Exh. C).

[2] The following five exhibits are attached: copy of case law (Exh. 1); copies of legal periodicals (Exhs. 2-4); and a copy of an electronic endorsement in another case in this district (Exh. 5).

[3] Two exhibits are attached: copies of case law (Exh. A); and affidavit of Dr. Lisa Drago Piechowski, sworn to February 3, 2011 ["Piechowski Aff't"](Exh. B).

2

him. (Dkt. #164, at 2). On January 3, 2011, defendants notified plaintiff that they want to have Dr. Lisa Piechowski conduct an IME of plaintiff, at her offices in Glastonbury, during January or February, for "approximately six hours." (Dkt. #164, at 2-3 & Exhs. A-B). Plaintiff objected to the extent discussed above. (Dkt. #164, at 3 & Exh. C).

Defendants are correct that FED. R. CIV. P. 35 does not require the moving party to pre-identify the particular testing or procedures prior to the IME. See, e.g., Azevedo v. City of Fresno, 1:09 CV 375, 2009 WL 5216877, at *3 (E.D. Cal. Dec. 30, 2009); Kob v. County of Marin, No. C07-2211, 2009 WL 3706820, at *1 (N.D. Cal. Nov. 3, 2009); McNeill v. Branker, No. 5:04-HC-467-BO, 2008 WL 957447, at *1 (E.D.N.C. Apr. 8, 2008); Doe v. District of Columbia, 229 F.R.D. 24, 28 (D.D.C. 2005). As Dr. Piechowski has explained, sample or "practice" tests "are widely available on the internet and from other sources[,]" so that if she were to reveal which tests she intended to administer to plaintiff, there is the "potential[]" that plaintiff could take practice tests in order to "manipulate the results of the tests by ensuring that he answers the questions in a way that he believes is beneficial to his case." (Piechowski Aff't ¶ 4). In addition, Dr. Piechowski has not decided which tests she will administer; after a "fluid and dynamic" interview process, she determines which tests are relevant to an examinee, so that pre-identification of the tests is impossible at this time. (Id. ¶ 5). To the extent that plaintiff objects to certain tests or certain questions (see Dkt. #175, at 4-8), he will have ample opportunity to raise that issue before Judge Squatrito prior to trial.

Plaintiff similarly is not entitled to limit the IME to only four hours. As other federal courts have observed, when an "artificially short time limit" is imposed on an IME, it permits "an examinee [to] potentially . . . . manipulate the length of the oral interview by taking

3

unnecessarily long on the written tests. . . ." Gibson v. Walgreen Co., No. 6:07 CV 1053, 2008 WL 746845, at *2 (M.D. Fla. Mar. 18, 2008); Simonelli v. Univ. of Cal.-Berkeley, No. C02-1107, 2007 WL 1655821, at *1 (N.D. Cal. June 4, 2007). As Dr. Piechowski has explained, "restricting the IME to four hours could prevent a thorough and complete examination, which in turn could compromise the results of the examination." (Piechowski Aff't ¶ 6). Her expectation is that the IME could last as long as six to eight hours, or could be as short as four to six hours, depending on plaintiff's level of cooperation. (Id.).

## II. CONCLUSION

Accordingly, for the reasons stated above, defendants' Motion for Independent Mental Examination (Dkt. #163) is granted.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d Cir. 20008)**(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 14th day of February, 2011.

                                                                              /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge