Exhibit 24

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD TRUSZ,<br><br>                Plaintiff,<br><br>v.<br><br>UBS REALTY INVESTORS LLC, and<br>UBS AG,<br><br>                Defendants. | CIVIL ACTION NO.<br><br>3:09 CV 268 (JBA)<br><br>June 26, 2009 |

### DEFENDANTS' ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendants UBS Realty Investors LLC ("UBS Realty") and UBS AG (collectively "Defendants") by and through their attorneys, Neal, Gerber & Eisenberg LLP and Day Pitney LLP hereby answers and objects to Plaintiff Richard Trusz's ("Trusz" or "Plaintiff") First Set of Interrogatories and Requests for Production to Defendants as follows:

### GENERAL OBJECTIONS

A. Defendants object to each Interrogatory or Request for Production to the extent that it purports to enlarge Defendants' obligations beyond those required by the Federal Rules of Civil Procedure.

B. Defendants object to each Interrogatory or Request for Production to the extent that it seeks information or documents not in their possession, custody or control. Defendants further object to each Interrogatory or Request for Production to the extent it purports to require Defendants to provide information that is equally available to Plaintiff from other sources.

C. Defendants object to each Interrogatory or Request for Production, and the definitions and instructions accompanying such Interrogatories or Requests for Production, to the

8.  Identify all individuals currently or formerly employed by Defendants who made an informal or a formal complaint from January 1, 2000 to the present to John Fraser or any other member of the UBS AG "Group Executive Board" alleging discrimination, retaliation, illegal or unethical conduct, or the violation of any duty or obligation owed to a client or investor. For each individual identified, state (a) the date of the complaint; (b) the subject of the complaint; (c) the persons to whom the complaint was made; (d) whether the complaint was made verbally or in writing; (e) all actions taken by Defendant in response to the complaint; (f) the current employment status of the individual who made the complaint.

> **ANSWER:** Defendants object to this interrogatory on the basis that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to this matter or not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, no UBS Realty employee other than Plaintiff made such a complaint.

9.  Identify all current or former employees of Defendants who made an informal or a formal complaint from January 1, 2000 to the present to Mario Cueni (or his predecessor as Chief Counsel for UBS Global Asset Management Group) or any other member of the UBS AG "Group Management Board" (or its predecessor) alleging discrimination, retaliation, illegal or unethical conduct, or the violation of any duty or obligation owed to a client or investor. For each individual identified, state (a) the date of the complaint; (b) the subject of the complaint; (c) the persons to whom the complaint was made; (d) whether the complaint was made verbally or in writing; (e) all actions taken by Defendant in response to the complaint; (f) the current employment status of the individual who made the complaint.

> **ANSWER:** Defendants object to this interrogatory on the basis that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to this matter or not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, no UBS Realty employee other than Plaintiff made such a complaint.

10.  Identify all clients who entered into side letter agreements with Defendant UBS Realty Investors LLC relating to the T2 consent agreement process from January 1, 2007 to the present, and identify all documents concerning said side letter agreements for each client.

UBSRT03214, which Defendants provided to Plaintiff on or about January 26, 2009, in connection with Plaintiff's state court proceeding.

24. All computer-stored data and electronically stored information, including but not limited to, program files, log files, cache files, cookies, deleted files, back-up files, e-mails, drafts of e-mails, documents, drafts of documents, calendars, travel schedules, schedules, voice mail transcriptions, spread sheets, all Business Continuity Stored files, and data base files, from the computers of Thomas O'Shea, Matthew Lynch, Christine Sailer, Anna Ibis Seebrath, Mario Cueni, John Fraser, Thomas Anathan, Kevin Crean, Steve Kapiloff, Jeff Maguire, Michelle Cullen, Tom Gould, Chris Taylor, Amy Birdwell., Joe Camilleri, William Harrison, Carol Kuta, Sara Logan, Paul Marcus; Mark McKell, Lillian Millette, Ron Osborne, Jordan Schiffman, Kiku Taura, which refer or relate to the allegations contained in this lawsuit.

> **ANSWER:** Defendants object to this request on the basis that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information or documents that are not relevant to this matter or not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the basis that it seeks information or documents protected by the attorney-client privilege or attorney work product.

25. All documents and electronically stored information that refer or relate to the date on which any documents produced in response to Request for Production 24 were created and/or modified.

> **ANSWER:** Defendants object to this request on the basis that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information or documents that are not relevant to this matter or not reasonably calculated to lead to the discovery of admissible evidence.

26. All computer-stored data and electronically stored information, including but not limited to, program files, log files, cache files, cookies, deleted files, back-up files, e-mails, drafts of e-mails, documents, drafts of documents, calendars, travel schedules, schedules, voice mail transcriptions, spread sheets, all Business Continuity Stored files, and data base files, from

the computers of Thomas O'Shea, Matthew Lynch, Christine Sailer, Anna Ibis Seebrath, Mario Cueni, John Fraser, Thomas Anathan, Kevin Crean, Steve Kapiloff, Jeff Maguire, Michelle Cullen, Tom Gould, Chris Taylor, Amy Birdwell, Joe Camilleri, William Harrison, Carol Kuta, Sara Logan, Paul Marcuse, Mark McKell, Lillian Millette, Ron Osborne, Jordan Schiffman, Kiku Taura, which refer or relate to complaints made by Plaintiff to anyone currently or formerly employed by Defendants.

> **ANSWER:** Defendants object to this request on the basis that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information or documents that are not relevant to this matter or not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the basis that it seeks information or documents protected by the attorney-client privilege or attorney work product.

27. All documents and electronically stored information that refer or relate to the date on which any documents produced in response to Request for Production 26 were created and/or modified.

> **ANSWER:** Defendants object to this request on the basis that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information or documents that are not relevant to this matter or not reasonably calculated to lead to the discovery of admissible evidence.

28. All computer-stored data and electronically stored information, including but not limited to, program files, log files, cache files, cookies, deleted files, back-up files, e-mails, drafts of e-mails, documents, drafts of documents, calendars, travel schedules, schedules, voice mail transcriptions, spread sheets, all Business Continuity Stored files, and data base files, from the computers of Thomas O'Shea, Matthew Lynch, Christine Sailer, Anna Ibis Seebrath, Mario Cueni, John Fraser, Thomas Anathan, Kevin Crean, Steve Kapiloff, Jeff Maguire, Michelle Cullen, Tom Gould, Chris Taylor, Amy Birdwell, Joe Camilleri, William Harrison, Carol Kuta, Sara Logan, Paul Marcuse, Mark McKell, Lillian Millette, Ron Osborne, Jordan Schiffman, Kiku Taura, which refer or relate to the termination of Plaintiff's employment.

**ANSWER:** Defendants object to this request on the basis that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information or documents that are not relevant to this matter or not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the basis that it seeks information or documents protected by the attorney-client privilege or attorney work product.

29. All documents and electronically stored information that refer or relate to the date on which any documents produced in response to Request for Production 28 were created and/or modified.

**ANSWER:** Defendants object to this request on the basis that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information or documents that are not relevant to this matter or not reasonably calculated to lead to the discovery of admissible evidence.

30. All computer-stored data and electronically stored information, including but not limited to, program files, log files, cache files, cookies, deleted files, back-up files, e-mails, drafts of e-mails, documents, drafts of documents, calendars, travel schedules, schedules, voice mail transcriptions, spread sheets, all Business Continuity Stored files, and data base files, from the computers of Thomas O'Shea, Matthew Lynch, Christine Sailer, Anna Ibis Seebrath, Mario Cueni, John Fraser, Thomas Anathan, Kevin Crean, Steve Kapiloff, Jeff Maguire, Michelle Cullen, Tom Gould, Chris Taylor, Amy Birdwell, Joe Camilleri, William Harrison, Carol Kuta, Sara Logan, Paul Marcuse, Mark McKell, Lillian Millette, Ron Osborne, Jordan Schiffman, Kiku Taura, which refer or relate to Defendants' request that Plaintiff leave the premises of Defendant UBS Realty on June 30, 2008.

**ANSWER:** Defendants object to this request on the basis that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information or documents that are not relevant to this matter or not reasonably calculated to lead to the discovery of admissible evidence.

>   Defendants further object on the basis that it seeks information or documents protected by the attorney-client privilege or attorney work product.

31. All documents that refer or relate to the date on which any documents produced in response to Request for Production 30 were created and/or modified.

>   **ANSWER:** Defendants object to this request on the basis that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information or documents that are not relevant to this matter or not reasonably calculated to lead to the discovery of admissible evidence.

32. All computer-stored data and electronically stored information, including but not limited to, program files, log files, cache files, cookies, deleted files, back-up files, e-mails, drafts of e-mails, documents, drafts of documents, calendars, travel schedules, schedules, voice mail transcriptions, spread sheets, all Business Continuity Stored files, and data base files, from the computers of Thomas O'Shea, Matthew Lynch, Christine Sailer, Anna Ibis Seebrath, Mario Cueni, John Fraser, Thomas Anathan, Kevin Crean, Steve Kapiloff, Jeff Maguire, Michelle Cullen, Tom Gould, Chris Taylor, Amy Birdwell, Joe Camilleri, William Harrison, Carol Kuta, Sara Logan, Paul Marcuse, Mark McKell, Lillian Millette, Ron Osborne, Jordan Schiffman, Kiku Taura, from June 30, 2007 to the present, which refer to the Plaintiff.

>   **ANSWER:** Defendants object to this request on the basis that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information or documents that are not relevant to this matter or not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the basis that it seeks information or documents protected by the attorney-client privilege or attorney work product.

33. All documents that refer or relate to the date on which any documents produced in response to Request for Production 32 were created and/or modified.

O'Shea, Christine Sailer, Ana Ibis Seebrath, Mario Cueni, and/or John Fraser, from January 1, 2007 to the present, and which Defendants provided to Plaintiff on or about January 26, 2009, in connection with Plaintiff's state court proceeding.

38.   Produce all documents concerning or referring to Plaintiff's complaint to the United States Department of Labor alleging a violation of Section 806 of the Sarbanes Oxley Act.

**ANSWER:**   Defendants object to this request on the basis that it seeks information in Plaintiff's possession. Without waiving these objections, Defendants hereby incorporate their objections and answer in their response to Request for Production No. 12 as if fully set forth herein. *See also* documents Bates labeled UBSRT06087 through UBSRT06613, which Defendants provided to Plaintiff on or about January 29, 2009, in connection with Plaintiff's state court proceeding. *See also* UBSRT06634 through UBSRT06646.

39.   Produce all documents concerning any valuation error reported by Plaintiff or any other member of the valuation unit during his employment with Defendant.

**ANSWER:**   Defendants object to this request on the basis that it is vague, ambiguous, overly broad, and unduly burdensome, seeks information or documents that are not relevant to this matter or not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents in Plaintiff's possession. Defendants further object on the basis that it seeks information or documents protected by the attorney-client privilege or attorney work product. Without waiving these objections, *see* documents

Bates labeled UBSRT01181 through UBSRT01206 and the CDs stamped confidential and bates labeled UBSRT06066 through UBSRT06068, which consist of responsive emails sent and received by richard.trusz@ubs.com from January 1, 2004 to the present including the search term "error," and which Defendants provided to Plaintiff on or about January 26, 2009, in connection with Plaintiff's state court proceeding. Defendants further hereby incorporate their response to Request for Production No. 11 as if fully set forth herein.

40. Produce all documents concerning the valuation of the CambridgeSide Galleria during the First Quarter of 2008.

**ANSWER:** Defendants object to this interrogatory on the basis that it is vague, ambiguous, and overly broad and seeks information that is not relevant to this matter or not reasonably calculated to lead to the discovery of admissible evidence.

41. Produce all documents concerning the valuation of the CambridgeSide Galleria during the Second Quarter of 2008.

**ANSWER:** Defendants object to this interrogatory on the basis that it is vague, ambiguous, and overly broad and seeks information that is not relevant to this matter or not reasonably calculated to lead to the discovery of admissible evidence.

42. Produce all documents concerning the valuation of the Galleria Dallas during the Second Quarter of 2008.

**ANSWER:** Defendants object to this interrogatory on the basis that it is vague, ambiguous, and overly broad and seeks information that is not

56. Produce all documents and electronically stored information, including internal documents, external documents, and documents distributed to clients, potential clients, and consultants, listing Plaintiff as a member of Permanent Investment Committee.

**ANSWER:** Defendants object to this request on the basis that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information or documents that are not relevant to this matter or not reasonably calculated to lead to the discovery of admissible evidence.

57. Produce all documents reflecting communications to clients, potential clients, and consultants, describing Defendant UBS Realty Investors LLC's valuation process, from January 1, 2006 to the present.

**ANSWER:** Defendants object to this request on the basis that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information or documents that are not relevant to this matter or not reasonably calculated to lead to the discovery of admissible evidence.

58. Produce all draft and executed consent agreements between UBS Realty Investors LLC and Chevron related to the T2 conversion process.

**ANSWER:** Defendants object to this request on the basis that it seeks information or documents that are not relevant to this matter or not reasonably calculated to lead to the discovery of admissible evidence.

59. Produce all draft and executed consent agreements between UBS Realty Investors LLC and Boeing related to the T2 conversion process.

**ANSWER:** Defendants object to this request on the basis that it seeks information or documents that are not relevant to this matter or not reasonably calculated to lead to the discovery of admissible evidence.

60. Produce all draft and executed consent agreements between UBS Realty Investors LLC and ARMB related to the T2 conversion process.

Respectfully submitted,

UBS REALTY INVESTORS LLC and UBS AG,

By: _____/s/ Nineveh Alkhas_____
One of Their Attorneys

Dated: June 26, 2009

David B. Ritter, phv03271
Nineveh Alkhas, phv03272
NEAL, GERBER & EISENBERG LLP
2 North LaSalle St., Ste. 1700
Chicago, IL 60602
Telephone: (312) 269-8000
Facsimile: (312) 750-6455
dritter@ngelaw.com
nalkhas@ngelaw.com

Victoria W. Chavey, No. 14229
Jeffrey A. Fritz, No. 26667
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-0100
Facsimile: (860) 275-0343
vwchavey@daypitney.com
jafritz@daypitney.com

## CERTIFICATION

This is to certify that a copy of the foregoing Defendants' Answer and Objections to Plaintiff's First Set of Discovery Requests was sent by U.S. mail on this 26th day of June, 2009, postage prepaid, to:

Todd D. Steigman
Madsen, Prestley & Parenteau, LLC
44 Capital Avenue, Suite 201
Hartford, Connecticut 06106

Counsel for Plaintiff

_____/s/ Nineveh Alkhas_____
Attorney for Defendants

NGEDOCS: 021175.0006:1630920.4

> **ANSWER:** Defendants object to this interrogatory on the basis that it is vague, ambiguous, overly broad, and unduly burdensome, seeks confidential information, and seeks information that is not relevant to this matter or not reasonably calculated to lead to the discovery of admissible evidence.

11. Identify all complaints, formal or informal, against Defendant UBS AG, or any of its business groups or subsidiaries, alleging violations of the Sarbanes Oxley Act of 2002. For each complaint identified, state (a) the date of the complaint; (b) the subject of the complaint; (c) the persons to whom the complaint was made; (d) whether the complaint was made verbally or in writing; (e) all actions taken by Defendant in response to the complaint; (f) the current employment status of the individual who made the complaint.

> **ANSWER:** Defendants object to this interrogatory on the basis that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information that is not relevant to this matter or not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the basis that UBS AG is not now and never was Plaintiff's employer.

12. Identify all complaints, formal or informal, against Defendant UBS AG, UBS's Global Asset Management division, or any business groups or subsidiaries operating as part of Global Asset Management, alleging violations of any state or federal law prohibiting retaliation against employees from January 1, 2004 to the present. For each complaint identified, state (a) the date of the complaint; (b) the subject of the complaint; (c) the persons to whom the complaint was made; (d) whether the complaint was made verbally or in writing; (e) all actions taken by Defendant in response to the complaint; (f) the current employment status of the individual who made the complaint.

> **ANSWER:** Defendants object to this interrogatory on the basis that it is vague, ambiguous, overly broad, and unduly burdensome and seeks information that is not relevant to this matter or not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the basis that UBS AG is not now and never was Plaintiff's employer.