IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
:
RICHARD TRUSZ                                   :         3:09 CV 268 (DJS)
:
:
V.                                              :
:
UBS REALTY INVESTORS LLC, AND                   :         DATE: JUNE 21, 2011
UBS, AG                                         :
:
---------------------------------------------------------X

### RULING ON DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SIX THIRD-PARTY SUBPOENAS

The factual and procedural history behind this employment action is set forth in considerable detail in this Magistrate Judge's Ruling on Plaintiff's First Motion to Compel, filed December 1, 2009 (Dkts. ##61-62), Ruling on Defendants' Motion to Quash, filed December 10, 2009 (Dkt. #65)["December 2009 Ruling"], Ruling Following Partial In Camera Review, filed December 21, 2009 (Dkt. #72), Ruling on Plaintiff's Motion for Extension of Time, filed January 4, 2010 (Dkt. #77), Ruling Regarding Potential In Camera Review of European Personnel Records, filed January 22, 2010 (Dkt. #85), Ruling on Plaintiff's Second Motion to Compel, filed September 7, 2010 (Dkt. #124), 2010 WL 3583064, Ruling on Plaintiff's Motion for Telephonic Discovery Conference, filed January 13, 2011 (Dkt. #166), Ruling on Defendants' Motion for Reconsideration, filed January 13, 2011 (Dkt. #167), 2011 WL 124504, Ruling on Plaintiff's Motion for Reconsideration, filed January 13, 2011 (Dkt. #168), 2011 WL 121651, Ruling Regarding Plaintiff's Desire to Depose Several Employees Who Reside and Are Employed in Europe, filed February 8, 2011 (Dkt. #179), 2011 WL 577331, Ruling on Defendants' Motion for Rule 35 Examination, filed February 14, 2011 (Dkt. #180), 2011 WL 572318, and Ruling on Plaintiff's Third Motion to Compel, filed April 27, 2011 (Dkt.

#203), 2011 WL 1628805, familiarity with which is presumed. (See also Dkts. ##79, 122, 131).

U.S. District Judge Janet Bond Arterton referred this file to this Magistrate Judge for discovery purposes on November 3 and December 4, 2009, and again on June 8, 2010. (Dkts. ##55, 63, 106). The file was transferred to Senior U.S. District Judge Dominic J. Squatrito on September 17, 2010. (Dkt. #126). Under the latest scheduling order, all fact discovery will be completed in nine more days, June 30, 2011, all expert discovery will be completed by August 12, 2011, and all dispositive motions are to be filed by September 9, 2011. (Dkt. #219).

On May 10, 2011, defendants filed the pending Motion to Quash Plaintiff's Six Third-Party Subpoenas and brief in support. (Dkts. ##204-05).[1] Three weeks later, on May 31, 2011, plaintiff filed his brief in opposition. (Dkt. #212; see also Dkts. ##213, 216).[2] On June 13, 2011, defendant filed its reply brief. (Dkt. #225).[3]

---

[1] The following ten exhibits are attached to defendants' brief (Dkt. #205): copies of six subpoenas, dated April 25, 2011 (Exh. A); copies of published case law (Exh. B); copies of eight Motions for Appointment of Commissioner to Take Out-of-State Deposition of Non-Resident Witness, dated September 10, 2008, filed in Trusz v. UBS Realty Investors LLC & UBS AG, Dkt. No. HHD-CV-08-4-38185-S, pending in the Connecticut Superior Court for the Judicial District of Hartford ["State Court Action"](Exh. C); copy defendants' Memorandum of Law in Support of Defendants' Motion for Protective Order, dated October 7, 2008, filed in the State Court Action, along with subexhibits (Exh. D); copy of Ruling on Motion for Protective Order, dated January 12, 2009, filed by Connecticut Superior Court Judge Robert B. Shapiro in the State Court Action (Exh. E); copies of nineteen subpoenas, dated August 13, 2009 (Exh. F); copies of nine subpoenas, dated October 22, 2009 (Exh. G); and copies of e-mails between counsel, dated April 13-14 & 25, 2011 (Exhs. H-J).

[2] The following seven exhibits are attached: copy of undated, handwritten notes of meeting (Exh. A); copy of e-mails (Exh. B)(under seal); copy of e-mails (Exh. C)(under seal); copy of e-mails (Exh. D)(under seal); copy of memorandum of Kimberly K. Pollitt of the State University Retirement System of Illinois, dated November 26, 2008 (Exh. E); copy of USB Global Asset Management's News & Views, dated December 13, 2008 (Exh. F); and copy of e-mails (Exh. G)(under seal).

[3] Attached is one exhibited filed under seal. (Dkts. ##226-27). Defendant's Motion to Seal Exhibit A (Dkt. #227) is granted.

2

For the reasons stated below, defendants' Motion to Quash Plaintiff's Third-Party Subpoenas (Dkt. #204) is <u>granted in part and denied in part</u>.

## I. DISCUSSION

This motion concerns subpoenas plaintiff served on six third parties on April 25, 2011 – Florida State Board of Administration ["FSBA"] and the State Universities Retirement System in Illinois ["SURS"], two clients of defendant UBS Realty; Robert Ruggles, III, of the Altus Group, which provides third-party valuation review services; Townsend Group and Hewitt EnnisKnupp, two consultants for UBS Realty's clients; and Geoffrey Dohrmann of Institutional Real Estate, Inc. ["IREI"], a publisher in the real estate investment industry. (Dkt. #205, at 1-2 & Exh. A).[4] Defendants argue that any documents within the possession

---

[4]In their brief, defendants have recounted plaintiff's efforts to "drag many parties into this matter," including notices of deposition in September-October 2008 in his state court action to eight third-party corporate representatives of defendant UBS Realty's clients and consultants, including Stephen Sikes and Pamela Green of the Alaska Retirement Management Board ["ARMB"], Mark Schmid of Boeing Corporation, Don Paiva of Chevron Corporation, Douglas Bennett of FSBA, Patrick Reinhart of Iowa Public Employees Retirement System, Jay Long of Townsend Group, and Karl Smith of Russell Investment Group; in January 2009, Connecticut Superior Court Judge Robert B. Shapiro granted defendants' Motion for Protective Order, permitting only the depositions of Sikes and Green of ARMB, and prohibiting, <u>inter alia</u>, the depositions of Townsend Group and FSBA, at issue in this motion. (Dkt. #205, at 3-4 & note 5 & Exhs. C-E).

A month after Judge Shapiro's decision, plaintiff filed this federal lawsuit and six months later, in August 2009, plaintiff served nineteen subpoenas duces tecum on seven third parties and some of their corporate representatives, including: ARMB again; Cushman & Wakefield Inc.; Kingsley Associates, Inc.,; KPMG; PricewaterhouseCoopers, LLC ["PwC"]; US Realty Consultants; and Weiser Realty Advisors LLC; plaintiff's counsel ultimately withdrew the subpoenas at the request of defense counsel. (Dkt. #205, at 4 & note 6 & Exh. F).

Two months thereafter, in October 2009, plaintiff then re-issued nine of the subpoenas to four third parties, for which defendants filed a Motion to Quash seven of them, directed to PcW, Weiser Realty Advisors, and Cushman & Wakefield; this motion was granted in a ruling, filed in December 2009. (Dkt. #205, at 5 & note 7 & Exh. G). In December 2009-January 2010, plaintiff issued two subpoenas each to Kingsley Associates, US Realty Consultants, and ARMB, in response to which plaintiff "received thousands of pages of requested documents." (Dkt. #205, at 5).

Of the eighteen depositions that plaintiff has been permitted to take (Dkt. #79), he has deposed twelve of defendants' employees, and four of defendant UBS Realty's clients or consultants, including Hope Cahoon of KPMG, Vincent Maniscalco of Cushman & Wakefield (which

3

of these third parties are not "remotely relevant to demonstrating <u>retaliation by [p]laintiff's employer, UBS Realty</u>." (Dkt. #205, at 2)(emphasis in original). Defendants argue that courts give special weight to the burden placed on non-parties in producing documents, and that the subpoenas here are irrelevant, burdensome, harassing and duplicative, particularly in light of the fifteen depositions that had been taken prior to the filing of this motion. (<u>Id.</u> at 14-16, 18). They further maintain that internal communications between third parties are irrelevant (<u>id.</u> at 17), that all communications about plaintiff during his employment have been produced (<u>id.</u> at 17-18), and that post-termination communications are irrelevant (<u>id.</u> at 16-17).

In contrast, plaintiff argues that after having terminated him, "[d]efendants publicized a false narrative to third parties, including clients and consultants, about [p]laintiff that has harmed [p]laintiff's reputation[,]" in that they "engaged in a concerted effort to falsely portray [p]laintiff as a 'disgruntled' employee." (Dkt. #212, at 1 & Exhs. A-C). Plaintiff further contends that defendant UBS Realty "needlessly entangled these third parties in this litigation by making false and malicious statements about [him] to third parties." (Dkt. #212, at 2).[5]

In their reply brief, defendants contend that the non-party subpoenas infringe on UBS Realty's legitimate interests as the subpoenas are directed to UBS Realty's clients or consultants (Dkt. #225, at 1-2); the motion is not moot as to the Ruggles' and SURS's

---

produced "over a thousand pages of documents[]"), Patrick Reinhardt of IPERS, and Stephen Sikes of ARMB in Juneau, Alaska. (<u>Id.</u> at 5-6 & note 8).

[5]Plaintiff argues that defendants lack standing to quash the subpoenas (Dkt. #212, at 4-5), and that this Court's prior conclusion in the December 2009 Ruling (at 4-5) is not applicable, because the documents here are not "highly sensitive and confidential commercial documents."

4

subpoenas as long as they continue to search for and obtain responsive documents (id. at 2-3); and the remaining non-party subpoenas are overly broad, repetitive, irrelevant, and not justified by plaintiff's mere inclusion of a claim for damages to his reputation (id. at 3-8).

A. FLORIDA STATE BOARD OF ADMINISTRATION & STATE UNIVERSITIES RETIREMENT SYSTEM OF ILLINOIS

According to defendants, FSBA and SURS are two of approximately 275 investors in the UBS Trumbull Property Fund ["TPF"] managed by defendant UBS Realty, are not mentioned in plaintiff's Third Amended Complaint, and had no effect upon plaintiff's employment. (Dkt. #205, at 7, 9). In addition, defendants contend that with respect to plaintiff's subpoena, all relevant information in FSBA's possession already has been produced to plaintiff by defendants, and plaintiff already has deposed defendant UBS Realty employees about TPF. (Id. at 7-9).

Plaintiff argues that the motion is moot with respect to SURS, which provided approximately ninety documents to plaintiff, including two that specifically analyzed this pending lawsuit. (Dkt. #212, at 6 & Exhs. E-F). With respect to FSBA, plaintiff contends that documents within FSBA's possession could contain additional examples of defendant UBS Realty making negative or derogatory statements about plaintiff. (Id. at 6-8).

In response, defendants contend that the motion is not moot with respect to SURS's subpoena to the extent that SURS continues to search its record and/or later obtains responsive documents. (Dkt. #225, at 2-3). Additionally, defendants point out that after they filed this pending motion, they supplemented their production which included all relevant communications sent to the subpoenaed parties, and the subpoenaed parties' internal communications and communications with other third parties are overly broad and irrelevant. (Id. at 3-7).

5

In light of the foregoing, defendants' motion regarding the subpoenas of SURS is <u>denied as moot (although SURS need not continue to look for more documents), without prejudice to renewal if additional responsive documents are located and not produced</u>. Additionally, defendants' motion regarding FSBA is <u>denied without prejudice as moot</u> as all relevant information in FSBA's possession already has been produced to plaintiff by defendants.

### B. ROBERT RUGGLES, III OF THE ALTUS GROUP

Ruggles worked for PricewaterhouseCoopers, LLC ["PwC"] until 2010, when the Altus Group acquired PcW's U.S.-based real estate valuation consulting practice; Ruggles, PwC, and Altus are not mentioned in plaintiff's Third Amended Complaint. (Dkt. #205, at 9). As defendants explain, "Ruggles' only connection to this lawsuit is that he provided valuation review consulting services to UBS Realty[,]" and continues to do so in his capacity as President of the Altus Group. (<u>Id.</u>). According to defendants, the documents sought in the pending subpoena that are relevant to this lawsuit already have been produced, including all e-mail correspondence between UBS Realty and PwC (including those of Ruggles), and any communication in the last two years to or from Ruggles that mentions plaintiff "is simply not relevant." (<u>Id.</u> at 9-10). In addition, the December 2009 Ruling quashed plaintiff's subpoena on PwC as duplicative of plaintiff's discovery requests, "without prejudice to plaintiff re-serving such subpoenas, if the documents received from defendants are not fully responsive." (At 2, 5-6)(emphasis & footnote omitted). (<u>See</u> Dkt. #205, at 10).

According to plaintiff, the motion is moot with respect to Ruggles, who responded that "to his knowledge, there were no responsive documents." (Dkt. #212, at 6). As stated above, defendants reiterate in their reply brief that the motion is not moot as to Ruggles to the extent he continues to search his records and locates responsive documents. (Dkt.

#225, at 2-3).  Accordingly, defendants' motion regarding the Ruggles subpoena is <u>denied as moot (although Ruggles need not continue to look for more documents), without prejudice to renewal if additional responsive documents are located and not produced.</u>

<u>C. THE TOWNSEND GROUP & HEWITT ENNISKNUPP</u>

Defendants describe the subpoenas to the Townsend Group and Hewitt EnnisKnupp as "myster[ies,]" in that they are non-party consultants that provide real estate investment services to investors in defendant USB Realty, and not to USB Realty itself; they similarly are not mentioned in plaintiff's Third Amended Complaint nor does plaintiff allege that either played any role in his termination. (Dkt. #205, at 11, 12-13).  Again, defendants argue that any documents relevant to the issues in this litigation already have been produced and defendant UBS Realty's employees already have been deposed about the assets in TPF. (<u>Id.</u> at 11-12, 13).

Plaintiff argues that the items sought in this subpoena seek relevant information, as defendants have produced documents indicating that they communicated with a representative of Townsend about plaintiff and this litigation after plaintiff's termination of employment.  (Dkt. #212, at 8-10 & Exh. B).   Plaintiff similarly argues that he "has a reasonable basis" because the SURS documents represent that "Staff [at SURS] and EnnisKnupp will monitor this situation [regarding the litigation] and will keep the Committee apprised of any new developments."  (<u>Id.</u> at 10-11 & Exhs. E-F).

In their reply brief, defendants reiterate that all relevant documents have been produced and defendants supplemented their production after filing this motion, and any remaining documents are irrelevant as defendants did not publicize a false narrative about plaintiff, and even if they did, there is no claim for defamation; a majority of courts have held that reputational damages are not recoverable under SOX; and plaintiff's subpoenas targeting

7

only UBS Realty's clients and consultants call into question plaintiff's "true motives" in serving subpoenas on this issue. (Dkt. #225, at 3-7).

Defendants' motion with respect to the Townsend Group and Hewitt EnnisKnupp is <u>granted in part and denied in part,</u> limiting production to documents pertaining to or flowing from the November 26, 2008 and November 19, 2009 SURS Memoranda. (<u>See</u> Dkt. #212 at 10-11 & Exhs. E-F).

### D. GEOFFREY DOHRMANN OF INSTITUTIONAL REAL ESTATE, INC.

Dohrmann is an editor at IREI, which is a company that issues reports in the real estate investment industry and provides consulting services to investors; he is not an investor in any UBS fund, and is not a consultant to any entity that invested in a UBS fund; it similarly is not mentioned in plaintiff's Third Amended Complaint nor was it involved in any way in plaintiff's termination. (Dkt. #205, at 13). Defendants argue that IREI "cannot possibly have information that is relevant or reasonably calculated to lead to the discovery of admissible evidence pertaining to [p]laintiff's claims." (<u>Id.</u> at 13-14).

Plaintiff similarly argues that he has "a reasonable basis" for serving this subpoena on Dohrmann as defendants have produced documents indicating that they have communicated with him about plaintiff and this litigation after his termination. (Dkt. #212, at 12-13 & Exh. G).

As stated above, in their reply brief, defendants reiterate that all relevant documents have been produced, defendants supplemented their production after filing this motion, and any remaining documents are irrelevant. (Dkt. #225, at 3-8).

Defendants' motion is <u>granted in part and denied in part</u>, limited to the production of documents pertaining to the communications with Dohrmann about plaintiff and his litigation after his termination. (<u>See</u> Dkt. #212, at 12-13 & Exh. G).

## II. CONCLUSION

Accordingly, for the reasons stated above, defendants' Motion to Quash Plaintiff's Third-Party Subpoenas (Dkt. #204) is <u>denied without prejudice as moot</u> regarding the subpoenas served on SURS, Ruggles and FSBA; and is <u>granted in part and denied in part</u> regarding the subpoenas served on Townsend Group, Hewitt EnnisKnupp, and Dohrmann.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** <u>Caidor v. Onondaga County</u>, 517 F.3d 601, 603-05 (2d Cir. 20008)**(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit)**.

Dated at New Haven, Connecticut, this 21st day of June, 2011.

                                <u>Joan G. Margolis, USMJ</u>
                                Joan Glazer Margolis
                                United States Magistrate Judge