IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------X
:
RICHARD TRUSZ                                   :        3:09 CV 268 (DJS)
:
:
V.                                              :
:
UBS REALTY INVESTORS LLC, AND                   :        DATE: JUNE 23, 2011
UBS, AG                                         :
:
-------------------------------------------------------X

RULING ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER

The factual and procedural history behind this employment action is set forth in considerable detail in this Magistrate Judge's Ruling on Plaintiff's First Motion to Compel, filed December 1, 2009 (Dkts. ##61-62), Ruling on Defendants' Motion to Quash, filed December 10, 2009 (Dkt. #65), Ruling Following Partial In Camera Review, filed December 21, 2009 (Dkt. #72), Ruling on Plaintiff's Motion for Extension of Time, filed January 4, 2010 (Dkt. #77), Ruling Regarding Potential In Camera Review of European Personnel Records, filed January 22, 2010 (Dkt. #85), Ruling on Plaintiff's Second Motion to Compel, filed September 7, 2010 (Dkt. #124), 2010 WL 3583064, Ruling on Plaintiff's Motion for Telephonic Discovery Conference, filed January 13, 2011 (Dkt. #166), Ruling on Defendants' Motion for Reconsideration, filed January 13, 2011 (Dkt. #167), 2011 WL 124504, Ruling on Plaintiff's Motion for Reconsideration, filed January 13, 2011 (Dkt. #168), 2011 WL 121651, Ruling Regarding Plaintiff's Desire to Depose Several Employees Who Reside and Are Employed in Europe, filed February 8, 2011 (Dkt. #179)["February 2011 Ruling"], 2011 WL 577331, Ruling on Defendants' Motion for Rule 35 Examination, filed February 14, 2011 (Dkt. #180), 2011 WL 572318, Ruling on Plaintiff's Third Motion to Compel, filed April 27, 2011 (Dkt. #203), 2011 WL 1628805, and Ruling on Defendants' Motion to Quash Six Third Party

Subpoenas, filed June 21, 2011 (Dkt. #232), familiarity with which is presumed. (<u>See also</u> Dkts. ##79, 122, 131).

U.S. District Judge Janet Bond Arterton referred this file to this Magistrate Judge for discovery purposes on November 3 and December 4, 2009, and again on June 8, 2010. (Dkts. ##55, 63, 106). The file was transferred to Senior U.S. District Judge Dominic J. Squatrito on September 17, 2010. (Dkt. #126). Under the latest scheduling order, all fact discovery will be completed in one week, June 30, 2011, all expert discovery will be completed by August 12, 2011, and all dispositive motions are to be filed by September 9, 2011. (Dkt. #219).

On May 17, 2011, defendants filed the pending Motion for Protective Order and brief in support. (Dkts. ##210-11).[1] On June 6, 2011, plaintiff filed his brief in opposition. (Dkt. #223).[2] On June 21, 2011, defendants filed their reply brief. (Dkt. #231).[3]

For the reasons stated below, defendants' Motion for Protective Order (Dkt. #210) is <u>granted</u>.

## I. DISCUSSION

In accordance with the February 2011 Ruling (Dkt. #179, at 5-14, 18), plaintiff deposed Mario Cueni, an in-house attorney who is the chief legal officer of defendant UBS AG's Global Asset Management division, in New York City for more than six hours, asking

---

[1] The following two exhibits are attached to defendants' brief (Dkt. #211): excerpts from the deposition of Mario Cueni, taken on March 23, 2011 ["Cueni Depo."](Exh. A); and affidavit of Mario Cueni, sworn to on May 17, 2011 ["Cueni Aff't"](Exh. B).

[2] The following four exhibits are attached: additional excerpts from the Cueni Deposition (Exh. A); copies of e-mails, from April 24-28, 2008 (Exh. B); copies of e-mails from June 13 and 16, 2008 (Exh. C); and copies of e-mails, from June 27-28, 2008 (Exh. D).

[3] The following two exhibits are attached: additional excerpts from the Cueni Deposition (Exh. A); and copies of e-mails, dated May 13 and 15, 2008 (Exh. B).

more than 900 questions, during which time defense counsel instructed Cueni on seventeen occasions not to answer questions on the ground that the responses would be protected by the attorney-client and/or work product privileges. (Dkt. #211, at 1-10 & Exhs. A-B). Defendants argue that Rule 30 permits a deponent to refuse to disclose privileged information during a deposition (Dkt. #211, at 10), that the information sought by plaintiff is protected from disclosure by the attorney-client privilege (at 11-12), and that Cueni also properly invoked the work product privilege (at 12-16).

In contrast, plaintiff argues Cueni did not act exclusively as an attorney, in that he was also Chief Risk Officer, and that Thomas O'Shea reported to Cueni, who in turn reported to John Fraser. (Dkt. #223, at 1-2 & Exh. A). Plaintiff argues the e-mails in question, from late April 2008, mid-June 2008, and late June 2008 do not implicate either privilege and that the same is true for communications with Marcus Diethelm. (Id. at 2-11 & Exhs. B-D).

In their reply brief, defendants respond that the time line of events establishes that Cueni's involvement in this matter was "primarily confined" to his role as an attorney (Dkt. #231, at 1-2 & Exhs. A-B), and that Cueni's discussions regarding plaintiff's April 28, 2008 e-mail, his discussions regarding plaintiff's allegations of retaliation, his discussions following receipt of plaintiff's June 16, 2008 e-mails, his discussions regarding plaintiff's June 28, 2008 e-mail, his discussions following the elimination of plaintiff's position, and his discussions with Diethelm are all privileged. (Id. at 2-9 & Exh. A).

As the February 2011 Ruling made clear, while plaintiff was permitted to depose Cueni, defendants similarly were permitted to "assert the attorney-client privilege to those communications once the situation shifted from a business decision regarding an employee to one where litigation by an employee was anticipated in the U.S." (Dkt. #179, at 14).

Defendants argue that this "shift" occurred "no later than February 6, 2008," when plaintiff lodged his first internal complaint of employment discrimination, advising Thomas O'Shea and Christine Menard that he had retained counsel, followed by a meeting fifteen days later at the office of plaintiff's counsel, followed by the filing of formal charges with the EEOC and CHRO on March 11, 2008, and followed by the filing of formal charges with OSHA alleging retaliation under SOX's whistleblowing provisions on April 10, 2008. (Dkt. #211, at 2; Dkt, #231, at 1-2). During his deposition on March 23, 2011, Cueni testified that he did not participate in the decision-making process to eliminate plaintiff's position, learning of this only after-the-fact. (Dkt. #211, at 2; Dkt. #231, at 2; Cueni Depo. at 25-27, 30, 32-33, 42-43, 119-21, 124-28, 151-52, 218-19; see also Cueni Aff't, ¶¶ 2-3). Cueni testified that his discussions with O'Shea were solely to convey legal advice, and not any business advice. (Dkt. #211, at 3; Cueni Depo. at 26-27; see also Cueni Aff't, ¶¶ 1, 3-4). Cueni testified that his conversations with O'Shea and Matt Lynch subsequent to receipt of plaintiff's April 28, 2008 e-mail were solely for the purpose of giving legal advice to them. (Dkt. #211, at 4; Cueni Depo. at 65-66; see also Cueni Aff't, ¶¶ 3-4). As a result, all subsequent discussions, including those regarding plaintiff's allegations of retaliation, his conversations with John Fraser regarding plaintiff's June 16, 2008 e-mails, his discussions with O'Shea and Lynch regarding Michelle Cullen's review, his discussions with O'Shea regarding plaintiff's June 28, 2008 e-mail, his discussions with O'Shea regarding plaintiff's termination, and his discussions with Diethelm (Cueni's boss), similarly are privileged. (Dkt. #211, at 4-10, 11-16; Dkt. #231, at 3-9; Cueni Dep. at 78, 93-96, 105-06, 112-14, 121, 124-29, 155, 191-92; see also Cueni Aff't, ¶¶ 1, 3-5).

II. CONCLUSION

Accordingly, for the reasons stated above, defendants' Motion for Protective Order (Dkt. #210) is granted.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d Cir. 20008)**(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit)**.

Dated at New Haven, Connecticut, this 23rd day of June, 2011.

                         /s/ Joan G. Margolis, USMJ
                         Joan Glazer Margolis
                         United States Magistrate Judge