IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------------X
                                            :
RICHARD TRUSZ                               :          3:09 CV 268 (DJS)
                                            :
                                            :
V.                                          :
                                            :
                                            :
UBS REALTY INVESTORS LLC, AND               :          DATE: JUNE 27, 2011
UBS, AG                                     :
                                            :
-------------------------------------------------------X
```

RULING ON PLAINTIFF'S EMERGENCY MOTION FOR IN CAMERA  REVIEW

The factual and procedural history behind this employment action is set forth in

considerable detail in this Magistrate Judge's Ruling on Plaintiff's First Motion to Compel, filed

December 1, 2009 (Dkts. ##61-62), Ruling on Defendants' Motion to Quash, filed December

10, 2009 (Dkt. #65), Ruling Following Partial In Camera Review, filed December 21, 2009

(Dkt. #72), Ruling on Plaintiff's Motion for Extension of Time, filed January 4, 2010 (Dkt.

#77), Ruling Regarding Potential In Camera Review of European Personnel Records, filed

January 22, 2010 (Dkt. #85), Ruling on Plaintiff's Second Motion to Compel, filed September

7, 2010 (Dkt. #124), 2010 WL 3583064, Ruling on Plaintiff's Motion for Telephonic Discovery

Conference, filed January 13, 2011 (Dkt. #166), Ruling on Defendants' Motion for

Reconsideration, filed January 13, 2011 (Dkt. #167), 2011 WL 124504, Ruling on Plaintiff's

Motion for Reconsideration, filed January 13, 2011 (Dkt. #168), 2011 WL 121651, Ruling

Regarding Plaintiff's Desire to Depose Several Employees Who Reside and Are Employed in

Europe, filed February 8, 2011 (Dkt. #179), 2011 WL 577331, Ruling on Defendants' Motion

for Rule 35 Examination, filed February 14, 2011 (Dkt. #180), 2011 WL 572318, Ruling on

Plaintiff's Third Motion to Compel, filed April 27, 2011 (Dkt. #203), 2011 WL 1628805,

Ruling on Defendants' Motion to Quash Six Third Party Subpoenas, filed June 21, 2011 (Dkt.

#232), and Ruling on Defendants' Motion for Protective Order, filed June 23, 2011 (Dkt. #233), familiarity with which is presumed.  (See also Dkts. ##79, 122, 131).

U.S. District Judge Janet Bond  Arterton referred this file to this Magistrate Judge for discovery purposes on November 3 and December 4, 2009, and again on June 8, 2010. (Dkts. ##55, 63, 106).  The file was transferred to Senior U.S. District Judge Dominic J. Squatrito on September 17, 2010.  (Dkt. #126).  Except as set forth in this ruling, under the latest scheduling order, all fact discovery will be completed in three days, June 30, 2011, all expert discovery will be completed by August 12, 2011, and all dispositive motions are to be filed by September 9, 2011.  (Dkt. #219).

On June 2, 2011, plaintiff filed his Emergency Motion for In Camera Review and brief in support (Dkt. #220),[1] as to which defendants filed their response fifteen days later.  (Dkt. #230;[2] see also Dkt. #221).   On June 23, 2011, plaintiff filed his reply brief.  (Dkt. #234).[3]

For the reasons stated below, plaintiff's Emergency Motion for In Camera Review (Dkt. #220) is granted in part.

---

[1]The following fourteen exhibits are attached: copy of defendants' General Privilege Log, dated May 12, 2011 (Exh. A); copy of Privilege Log of Mario Cueni (Exh. B); copy of e-mails between counsel, dated April 12, 13 & 25, 2011 (Exh. C); copy of correspondence and e-mail between counsel, dated April 28, 2011 (Exh. D); affidavit of plaintiff's counsel, sworn to June 2, 2011 (Exh. E); copy of e-mail between counsel, dated May 24 & 27, 2011 (Exh. F); excerpts from deposition of Ana Ibis Seebrath, taken on April 6, 2011 (Exh. G); excerpts from deposition of Christine Menard, taken on November 23, 2010 and April 11, 2011 (Exhs. H-I); excerpts from deposition of Matthew Lynch, taken on October 28, 2010 (Exh. J); excerpts from transcript of interview with Christine Sailer, held on August 31, 2010 (Exh. K); excerpts from deposition of Thomas O'Shea, taken on October 13, 2010 (Exh. L); excerpts from deposition of Mario Cueni, taken on March 23, 2011 (Exh. M); and copies of e-mails between counsel, dated April and May 12, 2011 (Exh. N).

[2]The following four exhibits are attached: copy of letter from plaintiff's counsel to defendant UBS Realty, dated February 8, 2008 (Exh. A); additional excerpts from the two Menard Depositions (Exhs. B-C); and additional excerpts from the Lynch Deposition (Exh. D).

[3]Attached as Exh. A are additional excerpts from the Seebrath Deposition.

I.  DISCUSSION

Defendants' Privilege Log, dated May 12, 2011, is forty-five pages long, with 477 separate items; Cueni's Privilege Log is ten pages long, with 102 items.  (Dkt. #220, Exhs. A-B).  In this motion, plaintiff requests an in camera review of nearly two-thirds (or 314) of the items on the Privilege Log, namely Nos. 1-35, 37-51, 53-79, 82-104, 107-11, 114-15, 118-30, 135-43, 149-51, 153, 156, 158, 160-61, 163, 169-75, 177, 185, 187-88, 191-240, 242, 248, 264-84, 308-11, 313, 317-18, 321, 323-33, 344, 346-57, 374-81, 399-401, 409-25, 427-47, and 454, as well as slightly more than two-thirds (or 69) of the items on Cueni's Privilege Log, namely Nos. 1-8, 10-14, 16-29, 32-42, 45-70, 93, and 95-99.  (Dkt. #220, at 1; Dkt. #220, Brief at 1 & n.1; see also Dkt. #230, at 1; Dkt. #234, at 1, n1.).  Plaintiff questions whether these 383 entries are properly governed by the work product doctrine or the attorney-client privilege.  (Dkt. #220, Brief at 4-11, 23-31; see also Dkt. #234, at 4-10).  Plaintiff additionally argues that an in camera review is necessary to determine substantial need, in that some of defendants' witnesses "could not recall important details about the actions taken by [defendants'] [H]uman [R]esources [Department] at the time[,]" as well as lack of independence, and bias, animus, motive, and involvement by non-parties.  (Dkt. #220, at 11-23 & Exhs. G-L).

Defendants object to plaintiff's motion on the grounds that their privilege logs comply with Rule 26 (Dkt. #230, at 3, 4-6), defendants properly have asserted the attorney-client privilege with respect to communications involving in-house counsel or non-attorney employees with a "need to know" (id. at 3, 6-9), and  defendants properly have asserted the work-product privilege and plaintiff cannot show a substantial need for the privileged work product (id. at 3, 10-22).

In light of the fact that this Magistrate Judge already has expended hundreds and hundreds of hours overseeing discovery in this "scorched earth" single-plaintiff employment case, with a truly unprecedented number of discovery motions for a case of this kind, she is willing to expend the additional time for one last in camera review, so that plaintiff can be assured that he has received each and every non-privileged, relevant document ever produced by defendants in this case.

Accordingly, plaintiffs' Emergency Motion for In Camera Review (Dkt. #220) is granted in part, so that defense counsel shall provide to this Magistrate Judge's Chambers **on or before July 1, 2011**, copies of the 383 documents listed above, for her in camera review on the basis of attorney-client and/or work product privilege.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d Cir. 20008)**(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit)**.

Dated at New Haven, Connecticut, this 27th day of June, 2011.


                        /s/ Joan G. Margolis, USMJ
                        Joan Glazer Margolis
                        United States Magistrate Judge