IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
:
RICHARD TRUSZ                                :                  3:09 CV 268 (DJS)
:
:
V.                                                  :
:
UBS REALTY INVESTORS LLC, AND   :                  DATE: JUNE 27, 2011
UBS, AG                                      :
:
---------------------------------------------------------X

## RULING ON DEFENDANTS' MOTION TO QUASH DEPOSITION SUBPOENA DIRECTED TO KARL KOCH OF IPERS

The factual and procedural history behind this employment action is set forth in considerable detail in this Magistrate Judge's Ruling on Plaintiff's First Motion to Compel, filed December 1, 2009 (Dkts. ##61-62), Ruling on Defendants' Motion to Quash, filed December 10, 2009 (Dkt. #65), Ruling Following Partial In Camera Review, filed December 21, 2009 (Dkt. #72), Ruling on Plaintiff's Motion for Extension of Time, filed January 4, 2010 (Dkt. #77), Ruling Regarding Potential In Camera Review of European Personnel Records, filed January 22, 2010 (Dkt. #85), Ruling on Plaintiff's Second Motion to Compel, filed September 7, 2010 (Dkt. #124), 2010 WL 3583064, Ruling on Plaintiff's Motion for Telephonic Discovery Conference, filed January 13, 2011 (Dkt. #166), Ruling on Defendants' Motion for Reconsideration, filed January 13, 2011 (Dkt. #167), 2011 WL 124504, Ruling on Plaintiff's Motion for Reconsideration, filed January 13, 2011 (Dkt. #168), 2011 WL 121651, Ruling Regarding Plaintiff's Desire to Depose Several Employees Who Reside and Are Employed in Europe, filed February 8, 2011 (Dkt. #179), 2011 WL 577331, Ruling on Defendants' Motion for Rule 35 Examination, filed February 14, 2011 (Dkt. #180), 2011 WL 572318, Ruling on Plaintiff's Third Motion to Compel, filed April 27, 2011 (Dkt. #203), 2011 WL 1628805,

Ruling on Defendants' Motion to Quash Six Third Party Subpoenas, filed June 21, 2011 (Dkt. #232), Ruling on Defendants' Motion for Protective Order, filed June 23, 2011 (Dkt. #233), and Ruling on Plaintiff's Emergency Motion for <u>In Camera</u> Review, filed June 27, 2011 (Dkt. #240)["June 27, 2011 Ruling"], familiarity with which is presumed. (<u>See also</u> Dkts. ##79, 122, 131).

U.S. District Judge Janet Bond Arterton referred this file to this Magistrate Judge for discovery purposes on November 3 and December 4, 2009, and again on June 8, 2010. (Dkts. ##55, 63, 106). The file was transferred to Senior U.S. District Judge Dominic J. Squatrito on September 17, 2010. (Dkt. #126). Except as set forth in this ruling and in the June 27, 2011 Ruling, under the latest scheduling order, all fact discovery will be completed in three more days, June 30, 2011, all expert discovery will be completed by August 12, 2011, and all dispositive motions are to be filed by September 9, 2011. (Dkt. #219).

On June 10, 2011, defendants filed the pending Motion to Quash Deposition Subpoena Directed to Karl Koch of IPERS and brief in support. (Dkt. #224).[1] Three days later, plaintiff filed his brief in opposition (Dkt. #228), followed by defendants' reply brief, filed on June 24, 2011 (Dkt. #235), followed by plaintiff's surreply brief, filed two days later. (Dkt. #239; <u>see also</u> Dkts. ##236, 238).

For the reasons stated below, defendants' Motion to Quash Deposition Subpoena Directed to Karl Koch of IPERS (Dkt. #224) is <u>granted in part and denied in part to the extent set forth below</u>.

## I. DISCUSSION

In this motion, defendants move to quash plaintiff's deposition subpoena directed to

---

[1] Attached as an exhibit were excerpts from the videotaped deposition of Patrick Reinhardt, taken on April 8, 2011 (Exh. A)["Reinhardt Depo."], with subexhibits (Subexhs. 14-15).

Karl Koch, Chief Investment Officer of Iowa Public Employees Retirement System ["IPERS"]. (Dkt. #224, at 1). Plaintiff was permitted to take eighteen depositions, of which he has taken sixteen; two of those sixteen included representatives from defendant UBS Realty's largest clients – Steve Sikes of Alaska Retirement Management Board, taken in Juneau, Alaska, and of Pat Reinhardt of IPERS, taken in Des Moines, Iowa. (Id. at 1). Reinhardt, who is IPERS' Senior Investment Officer of Alternative Investments, was deposed for more than 4.5 hours on April 8; he is defendant UBS Realty's primary contact at IPERS, receiving correspondence, reports and other documents relating to IPERS' investments with defendant UBS Realty. (Id. at 2; Reinhart Depo. at 54-55, 67-69, 73-74, 86). Koch, who is IPERS' Chief Investment Officer, is Reinhardt's boss. (Dkt. #224, at 1).

At his deposition, Reinhardt was questioned primarily about two subjects, including a meeting held in Des Moines on November 20, 2008, regarding the article about plaintiff's state and federal lawsuits in Bloomberg. (Id. at 3). Nine people were in attendance at the meeting; five from IPERS: Reinhardt, Koch, Donna Mueller (its CEO), and Kelly Lovell and Gregg Schochenmaier (its co-General Counsel); and four from defendant UBS Realty: Matt Lynch (its President), Tom O'Shea (its General Counsel), Carol Kuta (Head of its Portfolio Accounting and Reporting Department), and Jeff Maguire (its Portfolio Manager of the IPERS Accounts at defendant UBS Realty). (Id. at 3; Reinhardt Depo. at 148-49 & Subexh. 15). Reinhardt testified that he was in attendance for the entire time that Koch was at the meeting, and he was questioned "at length" regarding the meeting, his typewritten notes from the meeting, as well as Koch's handwritten notes from the meeting. (Dkt. #224, at 3-4; Reinhardt Depo. at 145-62, 164-65 & Subexhs. 14-15). In particular, Reinhardt agreed with Koch's entries that defendant UBS Realty characterized plaintiff's claims as "without merit"

3

that plaintiff's attitude changed in February 2008 once he retained counsel, and that defendant UBS Realty described him as a "disgruntled employee" but Reinhardt could not recall defendant UBS Realty using the two words "completely bogus" towards plaintiff's allegations. (Dkt. #224, at 4 & n. 2; Reinhardt Depo. at 158-59, 160-61; Subexh. 15).

Plaintiff already has deposed five of the nine participants at this meeting: Reinhardt, Lynch, O'Shea, Kuta, and Maguire, and has asked to depose Maguire for an additional 2.5 hours. (Dkt. #224, at 3, 4 & n.3). Plaintiff wants to depose Koch, with a "compromise" that the deposition be held telephonically and "will last approximately one hour." (Id. at 1-2)(footnote omitted). Defendants argue that plaintiff's "boundless discovery in this case must come to an end[,]" the Koch deposition would be "cumulative and duplicative of . . . Reinhardt's deposition[,]" and even taken by telephone, would "still require the expenditure of time and money to prepare for and attend the deposition." (Id. at 1, 4, 5).

Plaintiff points to a comment in Koch's notes which Reinhardt did not recall: "'Extortion payment to disgruntled employee vs. risk of angry clients and getting fired' – Lynch." (Dkt. #228, at 6; Reinhart Depo. at 159 & Subexh. 15). Plaintiff wants to question Koch about that quote, as well as preserve the opportunity to move to admit the notes as evidence at trial. (Dkt. #228, at 6-7). Plaintiff represents that he did not know about this meeting until Maguire's deposition on October 19, 2010, after he had already deposed O'Shea and Kuta in mid-September through mid-October 2010, and he did not receive a copy of the notes until he received a response to his subpoena to IPERS in 2011. (Id. at 7-8 & n. 1). While plaintiff would prefer to have the deposition in person, plaintiff would rather have a telephonic deposition than none at all. (Id. at 8).

Insofar as plaintiff has been permitted to take two more depositions, and insofar as

4

Reinhardt did not recall a rather harsh comment attributed to Lynch, a deposition of Koch would not be cumulative and duplicative of Reinhardt's deposition. Plaintiff is correct that the time and money defendants would be required to prepare for the Koch deposition is no greater than the time and money they would be required to prepare for the individual selected for the eighteenth, and final, deposition. (Dkt. #228, at 9, n.2). However, the deposition shall be held telephonically,[2] plaintiff may videotape the deposition if he so wishes (see Dkt. #228, at 7-9; Dkt. #239, at 2), shall not exceed two hours, and shall be completed **on or before July 8, 2011**. Moreover, to the extent that this deposition is cumulative and duplicative of the Reinhardt deposition, defendants are free to file a motion for sanctions, after the completion of all discovery in this "scorched earth" litigation.

## II. CONCLUSION

Accordingly, for the reasons stated above, defendants' Motion to Quash Deposition Subpoena Directed to Karl Koch of IPERS (Dkt. #224) is granted in part and denied in part to the extent set forth above.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for

---

[2] Defense counsel is quite correct that it would be unduly burdensome for the parties and counsel to travel to Des Moines, Iowa for what will be an extremely brief deposition. (Dkt. #235, at 3-4 & n.2).

5

the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d Cir. 20008)**(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit)**.

Dated at New Haven, Connecticut, this 27th day of June, 2011.

     /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge