IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
:
RICHARD TRUSZ : 3:09 CV 268 (DJS)
:
:
V. :
:
UBS REALTY INVESTORS LLC, AND : DATE: JULY 8, 2011
UBS, AG :
:
---------------------------------------------------------X

## RULING FOLLOWING IN CAMERA REVIEW

The factual and procedural history behind this employment action is set forth in considerable detail in this Magistrate Judge's Ruling on Plaintiff's First Motion to Compel, filed December 1, 2009 (Dkts. ##61-62), Ruling on Defendants' Motion to Quash, filed December 10, 2009 (Dkt. #65), Ruling Following Partial In Camera Review, filed December 21, 2009 (Dkt. #72), Ruling on Plaintiff's Motion for Extension of Time, filed January 4, 2010 (Dkt. #77), Ruling Regarding Potential In Camera Review of European Personnel Records, filed January 22, 2010 (Dkt. #85), Ruling on Plaintiff's Second Motion to Compel, filed September 7, 2010 (Dkt. #124), 2010 WL 3583064, Ruling on Plaintiff's Motion for Telephonic Discovery Conference, filed January 13, 2011 (Dkt. #166), Ruling on Defendants' Motion for Reconsideration, filed January 13, 2011 (Dkt. #167), 2011 WL 124504, Ruling on Plaintiff's Motion for Reconsideration, filed January 13, 2011 (Dkt. #168), 2011 WL 121651, Ruling Regarding Plaintiff's Desire to Depose Several Employees Who Reside and Are Employed in Europe, filed February 8, 2011 (Dkt. #179)["February 8, 2011 Ruling"], 2011 WL 577331, Ruling on Defendants' Motion for Rule 35 Examination, filed February 14, 2011 (Dkt. #180), 2011 WL 572318, Ruling on Plaintiff's Third Motion to Compel, filed April 27, 2011 (Dkt. #203), 2011 WL 1628805, Ruling on Defendants' Motion to Quash Six Third Party

Subpoenas, filed June 21, 2011 (Dkt. #232), 2011 WL 2471735, Ruling on Defendants' Motion for Protective Order, filed June 23, 2011 (Dkt. #233)["June 23, 2011 Ruling"], 2011 WL 2530999, Ruling on Plaintiff's Emergency Motion for In Camera Review, filed June 27, 2011 (Dkt. #240)["June 27, 2011 Ruling"], 2011 WL 2550625, and Ruling on Defendants' Motion to Quash Deposition Subpoena Directed to Karl Koch of IPERS, also filed June 27, 2011 (Dkt. #241), 2011 WL 2533694, familiarity with which is presumed. (See also Dkts. ##79, 122, 131, 250).

U.S. District Judge Janet Bond Arterton referred this file to this Magistrate Judge for discovery purposes on November 3 and December 4, 2009, and again on June 8, 2010. (Dkts. ##55, 63, 106). The file was transferred to Senior U.S. District Judge Dominic J. Squatrito on September 17, 2010. (Dkt. #126). Except to the limited extent set forth in Memorandum of Discovery Conference, filed June 30, 2011 (Dkt. #250), under the latest scheduling order, all fact discovery has been completed, with all expert discovery to be completed by August 12, 2011, and all dispositive motions are to be filed by September 9, 2011. (Dkt. #219).

As described in the June 27, 2011 Ruling, on June 2, 2011, plaintiff filed his Emergency Motion for In Camera Review and brief in support (Dkt. #220), regarding Defendants' Privilege Log, dated May 12, 2011, which is forty-five pages long, with 477 separate items, and Cueni's Privilege Log, which is ten pages long, with 102 items. (Id., Exhs. A-B). In this motion, plaintiff requested an in camera review of nearly two-thirds (or 314) of the items on the Privilege Log, namely Nos. 1-35, 37-51, 53-79, 82-104, 107-11, 114-15, 118-30, 135-43, 149-51, 153, 156, 158, 160-61, 163, 169-75, 177, 185, 187-88, 191-240, 242, 248, 264-84, 308-11, 313, 317-18, 321, 323-33, 344, 346-57, 374-81, 399-401, 409-25,

427-47, and 454, as well as slightly more than two-thirds (or 69) of the items on Cueni's Privilege Log, namely Nos. 1-8, 10-14, 16-29, 32-42, 45-70, 93, and 95-99. (Dkt. #220, at 1; Dkt. #220, Brief at 1 & n.1; see also Dkt. #230, at 1; Dkt. #234, at 1, n.1.). Plaintiff questioned whether these 383 entries are properly governed by the work product doctrine or the attorney-client privilege. (Dkt. #220, Brief at 4-11, 23-31; see also Dkt. #234, at 4-10). See 2011 WL 2550625, at *1-2. The June 27, 2011 Ruling granted plaintiff's motion (at 4)[1] and in accordance with ruling, defendants delivered copies of the 383 documents to this Magistrate Judge's Chambers on July 1, 2011. (Id.).

The Magistrate Judge has conducted a thorough in camera review of all 383 documents, and concludes that all of them unquestionably are protected under either the attorney-client privilege or the work product doctrine. Most of the e-mails are largely duplicative, reflecting short comments by the various individuals who were recipients of the initial e-mails. The only documents that were attached to these e-mails were documents, or e-mails, either sent by, or sent to, plaintiff or his counsel, of which plaintiff and his counsel already have copies. Therefore, defendants need not produce any additional documents to plaintiff as a result of this in camera review.[2]

---

[1]As the ruling observed:

> In light of the fact that this Magistrate Judge already has expended hundreds and hundreds of hours overseeing discovery in this "scorched earth" single-plaintiff employment case, with a truly unprecedented number of discovery motions for a case of this kind, she is willing to expend the additional time for one last in camera review, so that plaintiff can be assured that he has received each and every non-privileged, relevant document ever produced by defendants in this case.

2011 WL 2550625, at *2.

[2]On February 22, 2011, plaintiff filed an Objection to the February 8, 2011 Ruling (Dkt. #185; see also Dkts. ##191, 251-52), which is pending before Judge Squatrito.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless

---

As described in considerable detail in the February 8, 2011 Ruling, plaintiff had sought to depose three high level corporate officers located in Europe – John Fraser, Mario Cueni, and Paul Marcuse, as to which defendants objected on a variety of grounds, including that plaintiff had no communication with Marcuse and sent three e-mails to Fraser, to which Fraser did not respond (Dkt. #84, at 2, 5-6), they had no involvement in the decision-making process regarding plaintiff's concerns (id. at 3-4; Cueni Aff't; Fraser Aff't; Marcuse Aff't), Cueni's involvement was limited to some e-mail exchanges with plaintiff between April 14 and June 9, 2008 (id., at 4-5; Cueni Aff't, ¶¶ 3-5), the paucity of knowledge by the three European executives hardly justifies the expenses and inconvenience of taking depositions in London or Zurich (id. at 6, 7-8), Cueni has no unique knowledge of relevant, non-privileged facts in this case, and the mere fact that Fraser and Marcuse were informed of plaintiff's complaints is insufficient. (Dkt. #153, at at 1-2, 3-17)(multiple internal citations omitted). See 2011 WL 577331, at *3, 5 (D. Conn. Feb. 8, 2011).

In his brief in opposition, plaintiff responded, inter alia, that Cueni, Marcuse and Fraser were immediately informed of what transpired during plaintiff's meeting on February 6, 2008 with Thomas O'Shea and Christine Sailer; Cueni and Marcuse were kept informed of the situation by Ana Ibis Seebrath, a Human Resources Executive at UBS, in e-mails, dated February 13, 2008; and O'Shea and Marcuse exchanged e-mails on March 13, 2008 about the situation (Dkt. #139, at 4-15)(multiple internal citations omitted). See 2011 WL 577331, at *4.

The February 8, 2011 Ruling held that "[d]espite defendants' protestations, the e-mails, by themselves, document that by April 2008 (if not earlier), Cueni was interjected into sufficient aspects of plaintiff's underlying claims such that he possesses unique personal knowledge of relevant facts, and not merely information that was obtained through [subordinate employees]." 2011 WL 577331, at *6 (multiple internal citations omitted). The Ruling continued that "Fraser's involvement, in contrast, was far more fleeting. His role appears to be primarily ensuring that the matter was properly delegated to the appropriate personnel at UBS." Id. (multiple internal citations omitted). The same conclusion was reached for "Marcuse, who was informed of the nature of plaintiff's complaints, and who may have assigned O'Shea the responsibility of researching the valuation outsourcing in 2007; Marcuse, however, did not make the decision to eliminate plaintiff's position, nor did Lynch seek his approval." Id. (emphasis in original)(multiple internal citations omitted). The February 8, 2011 Ruling held that "of the three European executives plaintiff wishes to depose, the only one who possesses unique personal information is Cueni." Id..

The in camera review of these privileged documents suggests that Cueni's involvement was more considerable than described in defendants' initial filings, but Cueni has been deposed (see June 23, 2011 Ruling, 2011 WL 2530999), so plaintiff has not been prejudiced by defendants' minimizing of Cueni's role in these earlier filings. Cf. Dkt. #220, Exh. B (e-mails on Cueni's Privilege Log commence on 2/8/08).

The in camera review does not alter the conclusions reached in the February 8, 2011 Ruling with respect to Marcuse and Fraser. See 2011 WL 577331, at *6.

reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d Cir. 20008)**(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit)**.

Dated at New Haven, Connecticut, this 8th day of July, 2011.

    /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge