IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------X
:
RICHARD TRUSZ                            :            3:09 CV 268 (DJS)
:
:
V.                                       :
:
UBS REALTY INVESTORS LLC, AND            :            DATE: AUGUST 10, 2011
UBS, AG                                  :
:
------------------------------------------------------X

## RULING ON DEFENDANTS' MOTION FOR LEAVE TO SERVE SUBPOENA DUCES TECUM ON FOOT LOCKER RETAIL, INC.

The factual and procedural history behind this employment action is set forth in considerable detail in this Magistrate Judge's Ruling on Plaintiff's First Motion to Compel, filed December 1, 2009 (Dkts. ##61-62), Ruling on Defendants' Motion to Quash, filed December 10, 2009 (Dkt. #65), Ruling Following Partial In Camera Review, filed December 21, 2009 (Dkt. #72), Ruling on Plaintiff's Motion for Extension of Time, filed January 4, 2010 (Dkt. #77), Ruling Regarding Potential In Camera Review of European Personnel Records, filed January 22, 2010 (Dkt. #85), Ruling on Plaintiff's Second Motion to Compel, filed September 7, 2010 (Dkt. #124), 2010 WL 3583064, Ruling on Plaintiff's Motion for Telephonic Discovery Conference, filed January 13, 2011 (Dkt. #166), Ruling on Defendants' Motion for Reconsideration, filed January 13, 2011 (Dkt. #167), 2011 WL 124504, Ruling on Plaintiff's Motion for Reconsideration, filed January 13, 2011 (Dkt. #168), 2011 WL 121651, Ruling Regarding Plaintiff's Desire to Depose Several Employees Who Reside and Are Employed in Europe, filed February 8, 2011 (Dkt. #179), 2011 WL 577331, Ruling on Defendants' Motion for Rule 35 Examination, filed February 14, 2011 (Dkt. #180), 2011 WL 572318, Ruling on Plaintiff's Third Motion to Compel, filed April 27, 2011 (Dkt. #203), 2011 WL 1628805, Ruling

on Defendants' Motion to Quash Six Third Party Subpoenas, filed June 21, 2011 (Dkt. #232), 2011 WL 2471735, Ruling on Defendants' Motion for Protective Order, filed June 23, 2011 (Dkt. #233), 2011 WL 2530999, Ruling on Plaintiff's Emergency Motion for In Camera Review, filed June 27, 2011 (Dkt. #240), 2011 WL 2550625, Ruling on Defendants' Motion to Quash Deposition Subpoena Directed to Karl Koch of IPERS, also filed June 27, 2011 (Dkt. #241), 2011 WL 2533694, Ruling Following In Camera Review, filed July 8, 2011 (Dkt. #254), and Ruling on Defendants' Motion to Compel Responses to Subpoena Directed to Plaintiff's Expert, William J. Pastuszek, filed August 9, 2011 (Dkt. #270)["August 9, 2011 Ruling"], familiarity with which is presumed. (See also Dkts. ##79, 122, 131, 250, 258).

U.S. District Judge Janet Bond Arterton referred this file to this Magistrate Judge for discovery purposes on November 3 and December 4, 2009, and again on June 8, 2010. (Dkts. ##55, 63, 106). The file was transferred to Senior U.S. District Judge Dominic J. Squatrito on September 17, 2010. (Dkt. #126). Except to the limited extent set forth in Memorandum of Discovery Conference, filed June 30, 2011 (Dkt. #250), under the latest scheduling order, all fact discovery has been completed; except to the limited extent set forth in the August 9, 2011 Ruling, all expert discovery is to be completed by August 12, 2011; and all dispositive motions are to be filed by September 9, 2011. (Dkt. #219).

On August 4, 2011, defendants filed the pending Motion for Leave to Serve Subpoena Duces Tecum on Foot Locker Retail, Inc. (Dkt. #265),[1] as to which plaintiff filed his brief in

---

[1]The following five exhibits are attached: copy of Expert Report of Ginger S. McRae, dated April 15, 2011, in this case (Exh. A); copy of Expert Report of Ginger S. McRae in EEOC v. Foot Locker Retail Inc., dated December 18, 2007 (Exh. B); copy of excerpts of deposition of Ginger S. McRae, taken on July 20, 2011 ["McRae Depo."](Exh. C); copy of McMae's Objections and Response to Subpoena to Produce Documents, dated August 1, 2011 (Exh. D); and copy of Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action directed to Foot Locker Retail, Inc., dated August 4, 2011 (Exh. E).

2

opposition four days later (Dkt. #269; see also Dkt. #266).[2]  On August 10, 2011, defendants filed their reply brief (Dkt. #273)[3]; that same day, plaintiff filed his sur-reply brief. (Dkt. #276; see also Dkts. ##274-75).

In their motion, defendants argue that one of plaintiff's experts, Ginger S. McRae, opined that defendant UBS Realty did not comply with "generally accepted human resources practices" in its investigation of plaintiff's allegations of retaliation, in that defendant UBS Realty should have conducted an internal investigation, including a formal interview of plaintiff, even though plaintiff had retained counsel, filed charges of discrimination with the EEOC and CHRO, and notified defendants of his intention to file a lawsuit against them. (Dkt. #265, at 1-2 & Exh. A, at 16-17).  According to defendants, Attorney McRae took a contradictory position in EEOC and Jeleana Jones v. Foot Locker Retail, Inc., Case No. 2:07-CV–01109-JS (E.D. Pa.), in which she served as an expert for the employer, Foot Locker, in that she found Foot Locker had acted in accordance with the general practice among employers to transfer the investigative process from its internal human resources department to outside legal counsel once an employee has filed a charge with the EEOC.  (Id. at 2-3 & Exh. B, at 18).  When defense counsel inquired of Attorney McRae about these "apparent inconsistencies between her opinions in the present case and the Foot Locker case[,]" she responded that defendants' situation differed from that of Foot Locker because defendant

---

[2]The following five exhibits are attached: copies of e-mails between the parties, dated June 13 and 16, 2008 (Exh. 1); copies of excerpts from the deposition of Mario Cueni, taken on March 23, 2011 (Exh. 2)["Cueni Depo."]; copies of excerpts from the deposition of Matthew Lynch, taken on October 28, 2010 ["Lynch Depo."](Exh. 3); copies of excerpts from the deposition of Ana Ibis Seebrath, taken on April 6, 2011 ["Seebrath Depo."](Exh. 4); and additional excerpts from the McRae deposition (Exh. 5).

[3]Two exhibits are attached: excerpts from the deposition of Christine Menard, taken on November 23, 2010 ["Menard Depo."](Exh. A), and additional excerpts from the Seebrath deposition (Exh. B).

UBS Realty's written anti-retaliation policies required an internal investigation whereas Foot Locker's policies did not. (Id. at 3 & McRae Depo. at 131-33). Defense counsel was not satisfied with Attorney McRae's responses, in that Attorney McRae's expert report indicated that Foot Locker's Policy and Procedure Reference Guide "provide[d] that allegations will be investigated and appropriate action taken." (Id. at 3 & Exh. B, at 5 (emphasis added). Subsequent to the McRae deposition, defendants were able to obtain "through another source" a copy of Foot Locker's Non-Retaliation Policy, also referenced in Attorney McRae's expert report, but has been unable to procure a copy of Foot Locker's Policy and Procedure Reference Guide. (Id. at 3-4 & Exh. D). Thus, defendants seek permission to serve a subpoena upon Foot Locker, seeking a copy of its Policy and Procedure Reference Guide, in order to "verify" or discredit Attorney McRae's deposition testimony. (Id. at 4-5 & Exh. E).

In his brief in opposition, plaintiff argues that defendants are "distorting the record in a disingenuous attempt to create a justification for this subpoena[,]" in that "[t]hroughout this entire litigation, defendants "have consistently asserted" that they conducted a thorough investigation of plaintiff's complaints and not that they "suspend[ed their] internal investigation and refer[red] the matter to outside counsel upon being informed that [p]laintiff had retained counsel." (Dkt. #269, at 1-2 (internal citations omitted); Cueni Depo. at 35, 37, 62-63, 74-76, 129-33; Lynch Depo. at 79; Seebrath Depo. at 63-66, 73-74, 77-82). Plaintiff argues that defendants "should not be permitted to adopt a completely new position – after the close of fact discovery – as a means of trying to create an inconsistency that does not exist as a basis for this proposed subpoena." (Id. at 2-3). Plaintiff further argues that Attorney McRae's position is not inconsistent, in that "she testified that referral of the matter to outside counsel can be appropriate, but if a company's policies promise an investigation,

the claims should be investigated – either internally or externally." (Id. at 3 & McRae Depo. at 21-22, 58-61, 98, 137-39). Plaintiff also has characterized defendants' request as a "fishing expedition" because there is "no reason to believe that the [Foot Locker] Policy and Procedure Reference Guide will contain any information that is inconsistent with [Attorney] McRae's report or testimony in this case." (Id. at 3-4). Lastly, plaintiff argues that defendants' proposed subpoena exceeds the scope of permissible expert discovery and would instead grant all litigants a "license to serve subpoenas on former clients of any expert witness in search of documents that a party would like to review, in the hopes that they may find something useful[,]" turning experts' trial testimony into "mini-trials regarding the opinions offered by experts in unrelated cases. . . ." (Id. at 4-5).

Defendants respond in their reply brief that defendants have not "distorted" the record, because both Christine Sailer Menard and Ana Ibis Seebrath of defendants' Human Resources Department testified that once plaintiff had engaged counsel and informed defendant UBS Realty that he intended to file discrimination charges with the EEOC and CHRO, defendants "shifted" the "handling" of the situation to outside counsel. (Dkt. #273, at 1-2; Menard Depo. at 82-83, 124-26, 130; Seebrath Depo. at 52-54, 67, 118, 158). Defendants further reiterate that Attorney McRae's opinions in this case and in the Foot Locker cases are "inconsistent[,]" so that the sole document sought from Foot Locker is relevant. (Id. at 2-4). In his sur-reply brief, plaintiff argues that the Menard and Seebrath deposition testimony indicate that defendants "consult[ed] with counsel" as opposed to having "suspend[ed] an investigation into claims of retaliation and [having] referr[ed] the matter to outside counsel . . . ." (Dkt. #274, at 1).

Defense counsel is quite correct that in the August 9, 2011 Ruling, this Magistrate Judge cited with approval Truck Ins. Exchange v. MagneTek, Inc., 360 F.3d 1206, 1213 (10th

Cir. 2004), for the proposition that "The district court noted that [plaintiff's expert's] opinion did not meet the standards [plaintiff's expert] himself professed he adhered to." However, in this motion, defendants do not seek documents from the expert herself, Attorney McRae, but rather from a client of Attorney McRae, Foot Locker. This Magistrate Judge shares plaintiff's concern that if defendants' pending motion were granted, the Court would be granting all litigants a "license to serve subpoenas on former clients of any expert witness in search of documents that a party would like to review, in the hopes that they may find something useful[,]" turning experts' trial testimony into "mini-trials regarding the opinions offered by experts in unrelated cases. . . ." (Dkt. #269, at 4-5). As defendant concedes, they already have in their possession a copy of Foot Locker's Non-Retaliation Policy, one of two internal documents referenced in Attorney McRae's expert report in the Foot Locker case, which should be sufficient under the circumstances. (Dkt. #265, at 3-4 & Exh. B).

Accordingly, for the reasons stated above, defendants' Motion for Leave to Serve Subpoena Duces Tecum on Foot Locker Retail, Inc. (Dkt. #265) is denied.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d

Cir. 20008)**(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit)**.

Dated at New Haven, Connecticut, this 10th day of August, 2011.

       /s/ Joan G. Margolis, USMJ
      Joan Glazer Margolis
      United States Magistrate Judge