IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
--------------------------------------------------------X
                                       :
RICHARD TRUSZ                          :          3:09 CV 268 (DJS)
                                       :
                                       :
V.                                     :
                                       :
UBS REALTY INVESTORS LLC, AND          :          DATE: MARCH 9, 2012
UBS, AG                                :
                                       :
--------------------------------------------------------X
```

RULING ON PLAINTIFF'S MOTION TO COMPEL PAYMENT OF EXPERT FEES AND ON
DEFENDANTS' MOTION FOR ATTORNEY'S FEES

The factual and procedural history behind this employment action is set forth in

considerable detail in this Magistrate Judge's Ruling on Plaintiff's First Motion to Compel, filed

December 1, 2009 (Dkts. ##61-62), Ruling on Defendants' Motion to Quash, filed December

10, 2009 (Dkt. #65), Ruling Following Partial In Camera Review, filed December 21, 2009

(Dkt. #72), Ruling on Plaintiff's Motion for Extension of Time, filed January 4, 2010 (Dkt.

#77), Ruling Regarding Potential In Camera Review of European Personnel Records, filed

January 22, 2010 (Dkt. #85), Ruling on Plaintiff's Second Motion to Compel, filed September

7, 2010 (Dkt. #124), 2010 WL 3583064, Ruling on Plaintiff's Motion for Telephonic Discovery

Conference, filed January 13, 2011 (Dkt. #166), Ruling on Defendants' Motion for

Reconsideration, filed January 13, 2011 (Dkt. #167), 2011 WL 124504, Ruling on Plaintiff's

Motion for Reconsideration, filed January 13, 2011 (Dkt. #168), 2011 WL 121651, Ruling

Regarding Plaintiff's Desire to Depose Several Employees Who Reside and Are Employed in

Europe, filed February 8, 2011 (Dkt. #179), 2011 WL 577331, Ruling on Defendants' Motion

for Rule 35 Examination, filed February 14, 2011 (Dkt. #180), 2011 WL 572318, Ruling on

Plaintiff's Third Motion to Compel, filed April 27, 2011 (Dkt. #203), 2011 WL 1628805, Ruling

on Defendants' Motion to Quash Six Third Party Subpoenas, filed June 21, 2011 (Dkt. #232), 2011 WL 2471735, Ruling on Defendants' Motion for Protective Order, filed June 23, 2011 (Dkt. #233), 2011 WL 2530999, Ruling on Plaintiff's Emergency Motion for In Camera Review, filed June 27, 2011 (Dkt. #240), 2011 WL 2550625, Ruling on Defendants' Motion to Quash Deposition Subpoena Directed to Karl Koch of IPERS, also filed June 27, 2011 (Dkt. #241), 2011 WL 2533694, Ruling Following In Camera Review, filed July 8, 2011 (Dkt. #254), and Ruling on Defendants' Motion to Compel Responses to Subpoena Directed to Plaintiff's Expert, William J. Pastuszek, filed August 9, 2011 (Dkt. #270), and Ruling on Defendants' Motion for Leave to Serve Subpoena Duces Tecum on Foot Locker Retail, Inc., filed August 10, 2011 (Dkt. #277), familiarity with which is presumed.  (See also Dkts. ##79, 122, 131, 250, 258, 281).[1]

Motions for Summary Judgment are currently pending before Senior U.S. District Judge Dominic J. Squatrito.  (See Dkts. ##284-89, 291-93, 302-14, 316-22; see also Dkts. ##290, 294-301, 323-26, 329-38, 342, 344).

Currently pending before this Magistrate Judge is plaintiff's Motion to Compel Payment of Expert Witness Fees, and brief in support, filed January 23, 2012 (Dkt. #327),[2] as to which defendants filed their brief in opposition, with their own Motion for Attorney's

---

[1]U.S. District Judge Janet Bond Arterton referred this file to this Magistrate Judge for discovery purposes on November 3 and December 4, 2009, and again on June 8, 2010.  (Dkts. ##55, 63, 106).  The file was transferred to Senior U.S. District Judge Dominic J. Squatrito on September 17, 2010.  (Dkt. #126).

[2]Attached was a declaration of plaintiff's counsel, sworn to on January 23, 2012, with the following ten exhibits: copies of e-mails between counsel, dated June 20, 24, 27, 29 and 30, July 5, October 4 (with invoice attached), November 14 and 23, December 6, 13, 14, 16, 19 and 20, 2011 (Exhs. 1-2, 5-10); and copies of e-mails between Rhonda Lanham and counsel, dated August 3 (with invoice attached), September 28, October 5 and 27, and November 3, 2011 (Exhs. 3-4).

Fees, on February 17, 2012 (Dkt. #341; see also Dkts. ##339-40)[3]. Plaintiff filed his reply brief on March 1, 2012 (Dkt. #343[4]); defendants filed their surreply brief yesterday, on March 8, 2012.   (Dkt. #345).

For the reasons stated below, plaintiff's Motion to Compel Payment of Expert Witness Fees (Dkt. #327) and defendants' Motion for Attorney's Fees (Dkt. #341) are denied.

## I.  DISCUSSION

Of all the hundreds of thousands of dollars that all counsel have expended on discovery in this employment case, forcing this Magistrate Judge to issue an unprecedented twenty-five discovery rulings or electronic endorsements of substance, these three briefs concern a small fraction of the expert fees of six experts – Ginger McRae, William Pastuszek and Steve Thel for plaintiff, and Peter Korpacz, Kevin O'Connor and Dr. Lisa Drago Piechowski for defendants.

As set forth in plaintiff's brief, prior to the depositions, defense counsel agreed that defendants were responsible for compensating plaintiff's experts for their deposition time as well as reasonable preparation time.  (Dkt. #327, Brief, at 2 & Exhs. 1-2).  Defendant took McRae's deposition in Atlanta on July 20, 2011, and McRae's firm sent an invoice in the amount of $6,875 directly to defense counsel on August 3, 2011; in September, October and November 2011, defense counsel had e-mail correspondence with this firm, in which defense

---

[3]The following four exhibits are attached: copies of e-mails between counsel, dated February 6, 7, 8, 9 (with letters and copies of checks attached),and 13, 2012 (Exhs. A-D).

[4]The following five exhibits are attached: copy of e-mails between counsel, dated February 13, 2012 (Exh. A); copy of chart of Trusz Litigation Expert Charges (Exh. B); copy of invoice from Peter F. Korpacz, for work completed from July 21, 2011 to August 11, 2011 (Exh. C); excerpt from deposition of Peter F. Korpacz, taken on August 11, 2011 (Exh. D); and summary of content of seven boxes of "Working Files" (Exh. E).

counsel represented that payment was "being processed." (Id., Brief, at 2-3 & Exhs. 3-4).[5]

Similarly, on September 9, 2011, defendant took Thel's deposition in New Haven, and one

month later, on October 4, 2011, plaintiff's counsel forwarded Thel's invoice, in the amount

of $11,911.20 to defense counsel for payment. (Id., Brief, at 3 & Exh. 5). During November

and December 2011, and January 2012, plaintiff's counsel continued to inquire about

payment, with defense counsel confirming on December 20, 2011 that his clients had "no

objection to the plaintiff's expert fees to date." (Id., Brief, at 3-4 & Exhs. 6-10). As of the

filing of the motion on January 23, 2012, no payment had been made. (Id., Brief, at 5).

Thus, plaintiff argues that defendants should be ordered to pay these invoices (id., Brief at

5-6), which remain unpaid,[6] which is in contrast to plaintiff's "prompt and diligent" payment

to one of defendants' experts, Dr. Piechowski, and immediate expression of concern about

the invoices of two other experts, O'Connor and Korpacz. (Id., Brief at 7-8). As a result of

defendants' failure to pay, plaintiff seeks attorney's fees and costs from defendants. (Id.,

Brief at 8-9).

    In their brief in opposition, defendants lament the "bizarre twist[]" in this litigation,

in that plaintiff's motion "fails to address fees owed by [p]laintiff relating to his depositions

of [d]efendants' experts." (Dkt. #341, at 1)(emphasis omitted). According to defense

counsel, on February 8, 2012, counsel had resolved their dispute, and he sent checks by

overnight mail to plaintiff's expert the next day, $3,900 to Pastuszek and $4,420 to McRae;

---

[5]Although the invoice amount clearly was $6,875 (id., Brief, at 2 & Exh. 3), defendants contended in their brief in opposition that McRae's expert fee as being nearly twice that amount, i.e., $13,720. (Dkt. #341, at 2, 3-5 & Exhs. A-D). In their surreply brief, however, defendants acknowledge that the invoice was only $6,875. (Dkt. #345, at 1-2; see also Dkt. #343, at 1-2).

[6]Plaintiff paid the Thel invoice to avoid the imposition of late fees. (Id., Brief at 6-7, n.2). As plaintiff accurately predicted, the invoice of a third expert, William Pastuszek, is also at issue. (Id., Brief at 5, n.1).

plaintiff "reneged" on the agreement on February 13, 2012.  (Id. at 1 & Exhs. A-B).  As a consequence, defendants request that the Court deny plaintiff's motion as moot and instead enforce the parties' agreement, and award defendants attorney's fees.  (Id. at 2, 5-6)  Table I below summarizes the agreement between counsel, as indicated by defense counsel, with one modification (id. at 2-5 & nn. 2-3 & Exhs. B-D):

TABLE I

| Experts | Invoice Amount for Plaintiff's Experts | No Objection/ Resolved? | Agreed Upon Amount | Invoice Amount for Defendants' Experts | No Objection/ Resolved? | Agreed Upon Amount |
|---|---|---|---|---|---|---|
| McRae[7] | $6,875[8] | No objection | $6,875 | | | |
| Pastuszek[9] | $3,900 | Resolved upon explanation | $3,900 | | | |
| Thel[10] | $11,200 | No objection | $11,200 | | | |
| Korpacz[11] | | | | $15,125 | Reduced by agreement by defendants[12] | $11,500 |
| O'Connor[13] | | | | $9,000 | Resolved upon explanation[14] | $9,000 |
| Piechowski[15] | | | | $1,812 | No objection | $1,812 |
| TOTALS | $21,975 | | $21,975 | $25,937 | | $22,312 |

According to defense counsel, in order to balance the payments, counsel agreed that

---

[7]Defendants already have paid McRae $4,420 and plaintiff already has paid her $2,455. (Dkt. #341, at 3-4 & Exhs. A-C; Dkt. #343, at 1-3 & n.2).

[8]See note 5 supra.

[9]Defendants already have paid Pastuszek in full. (Dkt. #341, at 3-4 & Exhs. A-C).

[10]Plaintiff already has paid Thel. (Dkt. #341, at 3, n.3; Dkt. #343, at 5).

[11]Defendants already have paid Korpacz. (Dkt. #341, at 3, n.3).

[12]But see Dkt. #343, at 6-7.

[13]Defendants already have paid O'Connor. (Dkt. #341, at 3, n.3).

[14]But see Dkt. #343, at 5-6.

[15]Plaintiff already has paid Dr. Piechowski. (Dkt. #341, at 3, n.3; Dkt. #343, at 5).

defendants would pay Pastuszek his invoice of $3,900, defendants would pay McRae $4,420, and plaintiff would pay McRae the balance of $9,300 ($13,720 minus $4,420). (Id. at 3-4 & Exhs. B-D).[16]  According to defense counsel, plaintiff reneged on the agreement over the $9,300 that he was to pay McRae (id. at 5 & Exh. D), so that all this time and energy has been **wasted** by counsel and the Court over a mere **$2,455**, an amount that hardly justifies the time that counsel, and now the Court, have put into it.

In his reply brief, plaintiff argues that there was no "meeting of the minds" in that the parties "had a different understanding of the 'deal,'" (Dkt. #343, at 1-3), and defendant's request for sanctions should be denied.  (Id. at 3-5).  According to plaintiff, O'Connor's invoice of $9,000 for eight hours of preparation and seven hours of deposition is too high because the deposition only lasted 4.5 hours, so that a reasonable fee is $7,500 (and further disagrees that the issue was "resolved"), and Korpacz's invoice of $15,125 for 23.25 hours of preparation and seven hours of deposition is too high, and his hourly fee of $500 is also too high, so that at most, Korpacz is entitled to $4,250 (ten hours of preparation time plus seven hours of deposition time at $250/hour).  (Id. at 5-9 & n.3 & Exhs.  B-D).  Thus, plaintiff argues that he is entitled to reimbursement from defendant for $2,455 and plaintiff continues to seek attorney's fees for filing his motion.  (Id. at 9-10).

In their surreply brief, defendants argue that the Court "should not be fooled by [p]laintiff's trickery[,]" that plaintiff should be "thrilled" that McRae's expert fee was less than defense counsel had believed, and that defense counsel reduced Korpacz's fee as a "concession to resolve all issues related to all expert fees." (Dkt. #345, at 1-2).  Defendants contend that they have suffered prejudice by having issued checks in the amount of $8,320

---

[16]See note 5 supra.

"in reliance on [p]laintiff's agreement to withdraw" the pending motion.   (Id. at 3). Defendants again assert that they are entitled to attorney's fees.  (Id. at 3-5).

The Magistrate Judge is grateful that she had a seven-month hiatus, from August 2011 to the present, from the obsession and insanity of this lawsuit.  In that O'Connor's deposition apparently only lasted 4.5 hours, instead of seven hours, his expert fee could have been reduced to $7,500; it is of no moment that O'Connor apparently arrived early in order to prepare for his deposition.  (Compare Dkt. #341, at 3 & Exh. B with Dkt. #343, at 5-6 & n.3).[17]  With respect to Korpacz's invoice, plaintiff is correct that plaintiff is not obligated to pay for the seven-hour meeting that defense counsel spent with Korpacz preparing for his expert deposition and that the deposition itself only lasted 5.75 hours, not seven hours, but the Magistrate Judge sees no reason to disallow the 16.25 hours he spent re-reading client documents and reviewing all other research, nor reducing his $500 hourly fee; it is similarly of no moment that plaintiff's valuation expert spent less time preparing for trial or charged only $200/hour.  (Compare Dkt. #341, at 3 & Exh. B with Dkt. #343, at 6-9 & Exhs. C-E).  Thus, Korpacz is entitled to compensation for twenty-two hours (16.25 hours of preparation + 5.75 hours of deposition) at an hourly rate of $500, or $11,000, within $500 of what defense counsel had offered as a compromise and apparently already has paid to the expert.[18]

Table II below reflects the reasonable expert fees incurred by both sides in this litigation, $21,975 for plaintiff, and $20,312 for defendants:

---

[17]To the extent that defendants overpaid their expert, that is an issue between them and their expert.

[18]See note 17 supra.

TABLE II

| Experts | Invoice Amount for Plaintiff's Experts | Agreed Upon Amount | Invoice Amount for Defendants' Experts | Agreed Upon Amount or Ordered by Court |
|---|---|---|---|---|
| McRae[19] | $6,875 | $6,875 | | |
| Pastuszek[20] | $3,900 | $3,900 | | |
| Thel[21] | $11,200 | $11,200 | | |
| Korpacz[22] | | | $15,125 | $11,000 |
| O'Connor[23] | | | $9,000 | $7,500 |
| Piechowski[24] | | | $1,812 | $1,812 |
| TOTALS | $21,975 | $21,975 | $25,937 | $20,312 |

Therefore, of the $20,312, which is the total amount this Magistrate Judge concludes plaintiff owes for defendants' expert witnesses, he is entitled to a credit of $13,012, for having paid $1,812 to Piechowski and $11,200 to Thel, leaving a balance of $7,300. Similarly, of the $21,975 defendants owe for plaintiff's expert witnesses, they are entitled to a credit of $18,500, for having paid $11,000 to Korpacz[25] and $7,500 to O'Connor,[26] leaving

---

[19] See note 7 supra.

[20] See note 9 supra.

[21] See note 10 supra.

[22] See note 11 supra.

[23] See note 13 supra.

[24] See note 15 supra.

[25] The Court acknowledges that defendants paid $11,500 to Korpacz.  (Dkt. #341, at 3, n.3; see notes 17-18 supra).

[26] The Court acknowledges that defendants paid $9,000 to O'Connor.  (Dkt. #341, at 3, n.3; see note 17 supra).

9

a balance of $3,475.  Not surprisingly, the sum of the two outstanding balances, that is $10,755 ($7,300 + $3,475) is equal to the two invoices at issue – $6,875 to McRae and $3,900 to Pastuszek.  In the interests of simplicity, and consistent with the inherently logical discussions of counsel (albeit based on calculations that are no longer valid), it is appropriate that plaintiff already has sent $2,455 to McRae, and defendants already have forwarded the balance of $4,420 to McRae and all of the $3,900 to Pastuszek.[27]  Once again, counsel have made this litigation much more complicated than it needed to be.

Neither side is evenly remotely entitled to attorney's fees here.

## II. CONCLUSION

Accordingly, for the reasons stated above, plaintiff's Motion to Compel Payment of Expert Witness Fees (Dkt. #327) and defendants' Motion for Attorney's Fees (Dkt. #341) are denied.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude**

---

[27]If anything, plaintiff should be reimbursing defendants $4,845, as that way, both sides would be made whole.  (Defendants' expenses of $4,420 + $3,900 minus $4,845 from plaintiff would equal $3,475.)   However, defendants have not made such a request in their two briefs.

**further appeal to Second Circuit);** Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d

Cir. 20008)**(failure to file timely objection to Magistrate Judge's discovery ruling**

**will preclude further appeal to Second Circuit)**.

Dated at New Haven, Connecticut, this 9th day of March, 2012.


\_/s/ Joan G. Margolis, USMJ\_\_\_\_
Joan Glazer Margolis
United States Magistrate Judge

11