UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD TRUSZ,<br>　　　Plaintiff,<br><br>　　　v.<br><br>UBS RLTY INVESTOR LLC and UBS AG,<br>　　　Defendants. | No. 3:09-cv-00268 (JAM) |

**RULING RE PENDING DISCOVERY OBJECTIONS**

Plaintiff has lodged objections to several of Magistrate Judge Margolis's discovery rulings in this case. These rulings may be set aside only upon a showing of clear and material factual error, an abuse of discretion, or a misinterpretation of the law. *See* Fed. R. Civ. P. 72(a); *Hudson v. Gen. Dynamics Corp.*, 186 F.R.D. 271, 273 (D. Conn. 1999) ("[M]agistrate judges are considered to have broad discretion over discovery matters, and a party seeking to overturn a magistrate judge's discovery ruling bears a heavy burden." (internal quotation marks omitted)). I conclude that plaintiff's objections are plainly without merit in light of the applicable standard of review and therefore overrule these objections.

*Objection to Ruling re Depositions of High-Level Employees*

Plaintiff objects (Doc. #185) to Judge Margolis's ruling (Doc. #179) regarding the depositions of certain Europe-based, high-level UBS employees (John Fraser, Paul Marcuse, and Mario Cueni). Judge Margolis conducted a careful review of the facts and properly relied on case authority that sensibly restricts a litigant's ability to subject high-level organizational officials to deposition in the absence of a showing that they had unique personal knowledge. *See, e.g.*, *Rodriguez v. SLM Corp.*, 2010 WL 1286989, at *2 (D. Conn. 2010). Plaintiff cites no case law to

1

support his contention (Doc. #185 at 3) that use of the "unique personal knowledge" test in the high-level-corporate-official context is contrary to law. His remaining fact arguments and efforts to distinguish other cases fall well short of establishing clear error or an abuse of discretion in the application of law to the facts here. Plaintiff's contention (Doc. #185 at 19–20) that Judge Margolis anticipatorily ruled on the scope of the attorney-client privilege before the upcoming deposition of Mario Cueni is a clear distortion of Judge Margolis's ruling. For the reasons otherwise set forth in defendants' response (Doc. #191), plaintiff's objection is overruled.

Plaintiff further objects (Doc. #253) to Judge Margolis's ruling (Doc. #233) granting defendants' motion for a protective order on grounds of attorney-client privilege with respect to certain questions asked at the deposition of Mario Cueni. I conclude that Judge Margolis did not misunderstand the scope of the attorney-client privilege or abuse her discretion in concluding that Mario Cueni's communications after April 28, 2008, were properly subject to the claim of privilege.

### *Objections to Ruling re Plaintiff's Third Motion to Compel*

Plaintiff objects (Doc. #209) to Judge Margolis's ruling (Doc. #203) regarding certain document requests that were the subject of plaintiff's third motion to compel. With respect to Request No. 184 (whistleblower reports), the objection is overruled based on the representation of defendants that whistleblower reports referring or relating to plaintiff have been produced. Plaintiff has not established the relevance of other whistleblower reports regarding retaliation complaints by employees of other UBS-related subsidiaries/divisions besides UBS Realty. With respect to Requests Nos. 163–65 (communications among European executives about UBS Realty), plaintiff has not persuasively rebutted the several reasons—including lack of probable relevance, burdensomeness, and European data restrictions—relied on by defendants and Judge

Margolis. There was no abuse of discretion. With respect to Requests Nos. 145–47, 157–59, and 160–62 (communications between European executives and UBS Realty), plaintiff has not shown that *all* the subject communications are necessarily relevant, and therefore it was not an abuse of discretion for Judge Margolis to decline to require that all the communications be produced or subject to a relevance inspection review by plaintiff's counsel. With respect to Requests Nos. 178-79 (UBS policies that apply to UBS Realty), plaintiff has not shown the probable and non-cumulative relevance of additional policies beyond those already produced or that it would not be unduly burdensome for defendants to identify and produce all additional policies.

### *Objection to Ruling re In Camera Review of 383 Documents*

Plaintiff objects (Doc. #262) to Judge Margolis's determination after *in camera* review of 383 documents that "all of them unquestionably are protected under either the attorney-client privilege or the work product doctrine." Doc. #254 at 3. Plaintiff has not shown any legal error or abuse of discretion in Judge Margolis's interpretation and application of these privileges. To begin with, plaintiff has not shown that Judge Margolis was even required to conduct an *in camera*, document-by-document privilege review. *Cf. United States v. Zolin*, 491 U.S. 554, 568–69 (1989). In any event, having chosen to do so, Judge Margolis was not required to issue a document-by-document opinion explaining the grounds for privilege. Plaintiff has not shown that the inclusion within certain communications of non-privileged document attachments dispels application of the privilege to the remainder of the communications or otherwise warranted these attachments' disclosure in view that the attachments were communications to or from plaintiff or his counsel and already in plaintiff's possession. Nor has plaintiff shown a substantial need that

would overcome work product privilege protection, much less that Judge Margolis abused her discretion in concluding that the work-product privilege applied.

## Conclusion

Plaintiff's objections (Docs. #185, #209, #253, and #262) to Judge Margolis's discovery rulings are overruled. If there remain objections to other discovery rulings by Judge Margolis that were timely asserted and that plaintiff still wishes the Court to resolve, plaintiff shall promptly advise the Court.

It is so ordered.

Dated at Bridgeport this 14th day of January 2015.

/s/ Jeffrey Alker Meyer
Jeffrey Alker Meyer
United States District Judge